## JONES v. SMITH et al.

*(Circuit Court, E. D. New York.  March 6, 1889.)*

BANKRUPTCY—ASSIGNEE—FRAUDULENT CONVEYANCES—LIMITATION OF ACTIONS.
Complainant was appointed assignee in bankruptcy in 1879, and brought this suit in 1886, to set aside as fraudulent certain conveyances made by the bankrupt. In 1875 certain creditors had brought an action (and filed a *lis pendens*) to set aside the same conveyances, on the ground that they were fraudulent and without consideration. *Held*, that the six-years statute of limitation of suits to procure a judgment on the ground of fraud (Code Civil Proc. N. Y. § 382, subd. 5) began to run as against complainant—whose right is only as the representative of creditors—from the commencement of the creditors' action.

In Equity. Bill to set aside conveyances. On final hearing.

*B. G. Hitchings*, for complainant, cited to the point decided:
*Bradshaw* v. *Klein*, 1 N. B. R. 542; *Cragin* v. *Carmichael*, 11 N. B. R. 511; *Freelander* v. *Holloman*, 9 N. B. R. 331; *Bailey* v. *Glover*, 21 Wall. 342; *Rosenthal* v. *Walker*, 111 U. S. 185, 4 Sup. Ct. Rep. 382; *Cook* v. *Sherman*, 20 Fed. Rep. 171; *Adams* v. *Stern*, 29 Hun, 280.

*F. R. Coudert* and *James R. Angel*, for defendants, cited to the point decided:
*U. S.* v. *Beebee*, 17 Fed. Rep. 37; *Maxwell* v. *Kennedy*, 8 How. 221; *Burke* v. *Smith*, 16 Wall. 401; Wait, Fraud. Conv. §§ 287, 292, 293; *Aldridge* v. *Muirhead*, 101 U. S. 402.

LACOMBE, J. This is a suit brought by the assignee in bankruptcy of David M. Smith, to set aside the conveyances by him of three separate parcels of real estate to the several defendants. The conveyances are

claimed to be fraudulent as against the creditors whom the assignee represents. The case was before this court on demurrer as *Jones* v. *Slauson*, 33 Fed. Rep. 632. The evidence has now been taken, and the case is submitted on final hearing. The conveyances complained of were all made and recorded prior to January 1, 1875. Smith was adjudged a bankrupt in 1878, and the complainant appointed assignee in 1879. This suit, however, was not begun until September, 1886. The defendants have pleaded in bar the short statute of limitations prescribed by Rev. St. U. S. § 5057, for suits by an assignee in bankruptcy, and also the state statute of limitations covering certain actions to procure judgments on the ground of fraud. The latter may be first considered. By the New York Code of Civil Procedure, § 382, subd. 5, it is enacted that—

"An action to procure a judgment other than for a sum of money, on the ground of fraud, in a case which, on the thirty-first day of December, one thousand eight hundred and forty-six, was cognizable by the court of chancery, [must be brought within 6 years after the cause of action accrued.] The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

This suit is one of the class provided for by the terms of the section above quoted. *Piper* v. *Hoard*, 65 How. Pr. 235; *Kirby* v. *Railroad Co.*, 120 U. S. 138, 7 Sup. Ct. Rep. 430. With certain qualifications,—which, under the facts of this case, need not be discussed,—courts of equity feel themselves bound in cases of concurrent jurisdiction by the statutes of limitation that govern courts of law in similar circumstances, and if the complainant would be barred of his relief in the state court by lapse of time he will be barred here also. *Wood* v. *Carpenter*, 101 U. S. 138; *Kirby* v. *Railroad Co.*, supra; *Clarke* v. *Boorman's Ex'rs*, 18 Wall. 509; *Burke* v. *Smith*, 16 Wall. 401. The assignee in bankruptcy takes from the bankrupt all the rights of property and of action previously held by him, but the right to maintain an action such as this does not come to the assignee from that source. A transfer made with intent to defraud creditors is valid as between the parties to it. The fraudulent debtor has no right of action to set it aside, and no such right, therefore, passes to the assignee as part of his estate. By operation only of the express terms of the statute (section 5046, Rev. St. U. S.) that right, which, before the adjudication in bankruptcy, belonged to the creditors, was taken from them and given to the assignee. When he asserts such right, he claims under them, and not under the bankrupt. *Brownell* v. *Curtis*, 10 Paige, 210; *Jones* v. *Yates*, 9 Barn. & C. 532; *Van Heusen* v. *Radcliff*, 17 N. Y. 580; *Bradshaw* v. *Klein*, 1 N. B. R. 542; *Kane* v. *Rice*, 10 N. B. R. 475; *In re Leland*, 10 Blatchf. 507; *Trimble* v. *Woodhead*, 102 U. S. 647; *Dudley* v. *Easton*, 104 U. S. 99. In determining, therefore, as to the effect of lapse of time upon the right of action in this case, it becomes necessary first to inquire whether there was a discovery of the fraud by those under whom the complainant claims. It is abundantly settled by authority that actual personal knowledge of

the facts constituting the fraud need not be shown to charge a person, who has been quiescent for a period longer than that fixed by statute, with discovery thereof. It is enough if he is put upon inquiry with the means of knowledge accessible to him. *Burke* v. *Smith*, 16 Wall. 401; *Wood* v. *Carpenter, supra.* As to what facts are sufficient to put a person of ordinary intelligence and prudence on such inquiry, the authorities are not, perhaps, in entire accord. In this state it has been held that where the conveyance purports upon its face to be for a valuable consideration, knowledge of its existence, and that the grantor is insolvent, is not "knowledge of facts constituting fraud," unless there is knowledge also of the fact that the conveyance was without consideration. *Erickson* v *Quinn*, 47 N. Y. 410. The very element, however, which was missing in the case last cited is present here. Joseph and Joseph J. Kittel were judgment creditors of the bankrupt. Their names are included in his schedules. Appearing by the attorney who now brings the present suit, and who stated on the argument that he also represents the other creditors, the Kittels, on July 7, 1875, brought suit in the supreme court of the state against these defendants, to set aside as fraudulent the very conveyances here attacked, and duly filed a *lis pendens.* In their complaint they averred not only that said conveyances were made by an insolvent, but that the grantees had full knowledge of the insolvency, and participated in the fraud; and also that the conveyances were without adequate consideration. As to one parcel, they expressly alleged that the nominal consideration was $1,000, "a grossly inadequate consideration;" as to another parcel, that though there was a pretended consideration of $18,000 in the deed, there was "really no consideration whatever;" as to the third parcel they averred that, though the alleged consideration expressed in the conveyance was $4,300, "the transfer was made in reality, if for any consideration whatever, for a debt of $500." It is by endeavoring to prove that the facts as to these conveyances are substantially as they were thus set out in the Kittel suit that the complainant here seeks to make out his case. It appears, therefore, that upwards of 11 years before complainant brought this suit all the facts constituting the fraud had been discovered by one of the very creditors under whom he claims. The six-year statute of limitation began to run at least from the commencement of the Kittel action, and the bar became complete long before the beginning of the present suit. *Hubbell* v. *Medbury*, 53 N. Y. 98. The defendants may take a decree of dismissal.