WILLIAM H. WEAVER, Respondent, *v.* WILLIAM W. HAVILAND. Individually and as Administrator, etc., Appellant.

The right of a creditor to bring an action to set aside a fraudulent transfer of property made by his debtor, does not accrue until the recovery of a judgment against the debtor and the return of an execution thereon unsatisfied. Until that time, therefore, the Statute of Limitations does not begin to run against such a cause of action. (Code Civ. Pro. § 380.)

The provision of the Code of Civil Procedure declaring that in "an action to procure a judgment, other than a sum of money, on the ground of fraud * * * the cause of action * * * is not deemed to have accrued until the discovery * * * of the facts constituting the fraud." does not make the time of the discovery of the fraud in such a transfer the time of the accruing of the right of action by the creditor, in a case where the fraud was known before the creditor had established his claim by judgment. It simply provides for a class of cases where the right of action was perfect, but the fraud was not until thereafter discovered.

P. sold and assigned a mortgage on lands in Michigan to F., plaintiff's assignor, for the sum of $2,600, which sum she falsely represented was due and unpaid thereon, when in fact the amount was but $2,100. F.

brought an action in Michigan against P. to recover back the excess, and recovered judgment. In 1881, and shortly after that recovery, P. transferred her property to defendant, and delivered to him the money received for the assignment, without consideration, and for the purpose of placing her property beyond the reach of creditors. An action was brought here upon the Michigan judgment, and judgment recovered against P. in 1886, upon which execution was issued and returned unsatisfied. In this action, brought within six years thereafter, to set aside the fraudulent transfer to the defendant, *held*, that the action was not barred by the Statute of Limitations; also, that the fact that an action for money had and received might have been maintained by F. against defendant to recover the amount overpaid, immediately after the money came to his hands, and that this cause of action was barred by the statute, did not affect the result here, as the two causes of action were entirely distinct, and the present one was in no way dependent upon the other.

Reported below, 68 Hun, 376.

(Submitted May 3, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 28, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Backenstose & Keyes* for appellant. The Statute of Limitations is a bar to this action. (Code Civ. Pro. § 382; *Roberts* v. *Ely*, 113 N. Y. 128; *Chapman* v. *Forbes*, 123 id. 532; *Mills* v. *Mills*, 115 id. 80; *Morris* v. *Budlong*, 78 id. 558; *Root* v. *French*, 13 Wend. 570.)

*Reed & Shutt* for respondent. The Statute of Limitations is not a bar to this action. (Code Civ. Pro. §§ 1871, 1872, 1879, 3343; *Bayard* v. *Hoffman*, 31 Hun, 256; *Eyre* v. *Beebe*, 28 How. Pr. 333; *Gates* v. *Andrews*, 37 N. Y. 657; *Baldwin* v. *Martin*, 35 id. 101; Buswell on Limitations, § 131.) The Statute of Limitations is an affirmative defense and must be pleaded. (*Miner* v. *Beekman*, 50 N. Y. 337;

14 Abb. [N. C.] 1; 1 Abb. [N. S.] 147; 1 J. & S. 67: 3 id. 102.)

ANDREWS, Ch. J.   This is a judgment creditor's action, and the only defense relied upon at the trial was the Statute of Limitations.   The action was commenced Feby. 13th, 1892. It appears from the pleadings that Phebe Haviland, mother of the defendant, took under the will of her husband, who died Sept. 17th, 1878, the use of his real estate and the income of his personal property for life.   His real estate consisted of a house and lot in Geneva, in this state, and he held a mortgage on lands in Michigan, executed by Henry S. Weaver and wife. On the 13th day of April, 1880, Phebe Haviland, as executor of her husband's will, she then being in the state of Michigan, sold and assigned the mortgage to one Fish for the sum of $2,600, falsely representing to Fish that that sum was due and unpaid thereon, whereas in fact there was due and unpaid only the sum of $2,100.   Fish, upon ascertaining the fact, commenced an action in the courts of Michigan against Phebe Haviland to recover back the sum paid in excess of the amount due on the mortgage, and on June 9th, 1881, recovered a judgment against her in the action.   An action on this judgment was subsequently brought in the Supreme Court of this state January 28th, 1886, and judgment was recovered thereon against Phebe Haviland March 9th, 1886, for $667.47, and execution thereon was issued and returned unsatisfied.   Phebe Haviland, at the time of the death of her husband and ever thereafter, was a resident of the state of New York.   It is found that shortly before the recovery of the Michigan judgment, and on or about June 2d, 1881, Phebe Haviland conveyed to the defendant William W. Haviland her life estate in the house and lot, and gave to him the moneys received by her from Fish on the transfer of the mortgage, without consideration, and for the purpose of placing her property out of her hands, so that the same could not be reached upon a judgment in the action.   Phebe Haviland died intestate Aug. 2d, 1888.   This action is brought to reach the interest of Phebe

Haviland in the property so fraudulently transferred to the defendant. There is another fact disclosed by the evidence as to which there is no finding, but which is deemed important by the counsel for the defendant, viz., that the money paid on the mortgage by Fish was at the time received by the defendant, and was retained by him as his own, with the consent of Phebe Haviland. But if this finding had been made the evidence would have justified the further finding that the defendant assumed to act in the transaction as the agent of his mother, and that Fish supposed he was so acting, and had no information, until the examination of the defendant in supplementary proceedings shortly before the bringing of this action, that the money had been retained by him.

The limitation of time for bringing actions in the nature of a creditor's bill to set aside a conveyance or transfer made by the judgment debtor in fraud of creditors is prescribed by section 382 of the Code of Civil Procedure. By the fifth subdivision of that section a creditor's action must be commenced within six years " after the cause of action has accrued." Such an action is to procure a judgment " other than for a sum of money on the ground of fraud in a case which on the 31st day of December, 1846, was cognizable by the Court of Chancery." The words " other than for a sum of money " in subdivision 5 included those cases in which equitable relief is required, although as part of the ultimate relief a money judgment is also demanded. (*Carr* v. *Thompson*, 87 N. Y. 160.) Unless, therefore, the right of action to set aside the fraudulent transfer from Phebe Haviland to the defendant accrued to the plaintiff more than six years prior to February 13th, 1892, the day of the commencement of the action, the action was not barred. The right of Fish to bring an action to set aside the transfer did not accrue until he had recovered a judgment in this state against Phebe Haviland and the return of an execution unsatisfied. Until his claim against Phebe Haviland had ripened into a judgment he stood as a general creditor merely and was not in a situation to assail the transfer to the defendant. The authorities upon this point are numerous and decis-

ive. (*Reubens* v. *Joel*, 13 N. Y. 488; *Dunlevy* v. *Tailmadge*, 32 id. 457; *Geery* v. *Geery*, 63 id. 252; *Adsit* v. *Butler*, 87 id. 585.) The time when the fraud was committed is not the period from which the limitation is to be computed, but the time when the plaintiff had acquired a standing to assail it. The present action was commenced within six years after Fish had recovered his judgment here. The defendant, in the absence of fraud or collusion, cannot question the validity of the claim upon which it was rendered, and he acquired no immunity from pursuit because of the time which intervened between the fraudulent transaction and the rendition of the judgment. (*Decker* v. *Decker*, 108 N. Y. 128.) The clause in sub. 5, sec. 382, following the clause above quoted, " the cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff or the person under which he claims of the facts constituting the fraud," does not help the defendant. This clause was added to enlarge the time for bringing the action beyond the six years in the case specified. It was not intended to make the date of the discovery of the fraud the time of the accruing of the right of action in cases where the fraud was known, but the plaintiff had not established his claim by judgment. The clause was inserted to provide for a class of cases where the right of action was perfect, but the fraud had not been discovered until a subsequent period. (*Gates* v. *Andrews*, 37 N. Y. 657.) It is, however, a sufficient answer to the claim based on this clause of sub. 5 that there is no evidence or finding that the plaintiff or his assignor, Fish, had any notice of the fraudulent transfer until shortly before the commencement of the action.

The further claim is made that a cause of action for money had and received could have been maintained by Fish against the defendant to recover the overpayment on the mortgage, immediately after the money came to his hands, he having received and retained it without consideration, and that this cause of action was barred by the lapse of six years and before this action was brought. The defendant may be right in his

contention. (*Roberts* v. *Ely*, 113 N. Y. 128.) But assuming this to be true the present action is not based on an original liability of the defendant arising from his connection with the sale of the mortgage. The plaintiff's assignor did not elect to proceed against the defendant upon this liability. He brought his action against Phebe Haviland, the principal in the transaction, and on recovering judgment against her brought this action based upon that judgment, to charge the defendant on account of his fraudulent dealings with her to the prejudice of her creditors. The cause of action is entirely distinct from the cause of action against him for money had and received, and is in no way dependent upon his original relation to the transfer of the mortgage or the recovery had thereon. He is called upon to answer for the property of Phebe Haviland, received by him in fraud of her creditors. Whether he was connected with the original fraud in the sale of the mortgage is wholly immaterial in the present action, except as it may reflect upon his fraudulent intent in his subsequent dealings with Phebe Haviland.

We think the defense of the Statute of Limitations failed and the judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.