KOTHE v. WILSON et al.

(Supreme Court, Special Term, Delaware County. October 31, 1896.)

1. CLAIM TO REAL ESTATE—ACTION TO DETERMINE—WHEN LIES.

A judgment recovered against a grantor, after he had conveyed his land in fraud of his creditors, ceases to be a lien on such land when it is conveyed by the fraudulent grantee to a bona fide purchaser; and therefore a claim by the judgment creditor that his judgment is still enforceable against the land is not a claim adverse to such purchaser, within Code Civ. Proc. § 1638, authorizing a person in possession of land under a claim of title to sue "any other person to compel the determination of any claim adverse to that of the plaintiff."

2. SAME—JUDGMENT AGAINST FORMER OWNER.

In order to determine whether a judgment recovered against a former owner of land, after he had conveyed it in fraud of his creditors, is a lien on the land in the hands of plaintiff, who purchased it from the fraudulent grantee, so as to entitle plaintiff to sue the judgment creditor, under Code Civ. Proc. § 1638, authorizing actions to determine claims to real property, plaintiff will be considered a bona fide purchaser.

Action by Catherine Kothe against Sarah A. Wilson and John T. Wilson. Complaint dismissed.

John T. Shaw, for plaintiff.

F. W. Hartman, for defendant.

FORBES, J. This is an action brought under sections 1638 and 1639 of the Code of Civil Procedure to determine an alleged claim arising upon a judgment lien incumbrance upon real estate. All of the facts necessary to maintain this action, with a single exception, viz. the amount of the claim, are fully stated in the complaint as required by section 1639. On the 11th day of August, 1887, George Kothe and his wife, the plaintiff in this action, executed a warranty deed of the premises described in the complaint to Mary Howard, of the town of Colchester, in said county. This deed was acknowledged before a justice of the peace on the 12th day of October, 1887, and was recorded in Delaware county on the 14th day of October, 1887. There was nothing upon the trial to fatally contradict the testimony of the delivery of the instrument on the day on which it bears date, although there is evidence upon the face of the deed that it was signed and witnessed on some other occasion, or at least in ink other than that which was used in the draft of the deed. The acknowledgment is wholly drawn in the handwriting of the justice before whom it was taken. It is claimed that the first grantee, Mary Howard, went into the immediate possession of the premises under the Kothe deed, and that subsequently, on the 18th day of June, 1889, the said Mary Howard, and her husband, William M. Howard, by a quitclaim deed, executed a conveyance of all of the same premises to Catherine Kothe, the plaintiff in this action. The plaintiff then went into the immediate possession of the premises, and remained in possession up to the time of the commencement of this action, and now occupies said premises. On the 4th day of October, 1887, the defendants obtained a judgment in their favor for costs against said George Kothe for the sum of $167.19. The judgment roll was filed and a judgment

was docketed in the clerk's office of the county of Delaware on the 4th day of October, 1887. Subsequent to that date an execution was issued upon said judgment, and such execution was duly delivered to the sheriff of the county of Delaware. The real estate described in the complaint was advertised to be sold under said execution on the 28th day of June, 1894. I can find no evidence to show whether that execution was issued within five years after the entry of the judgment. Upon certain affidavits on the part of the plaintiff an injunction order was granted restraining the sale of said premises, and the action at bar was commenced on the 26th day of June, 1894. Issue was joined by an answer made by the defendants, among other things claiming that each of the transfers of the real estate was fraudulent and void. The case was brought on for trial, and a motion was made to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. That motion was denied, and leave was given by the court to renew the motion at the close of the plaintiff's case. That motion was again made, at the close of the plaintiff's case, and all of the evidence on the part of the defendants was given upon the trial before the court.

It is difficult to see how this action can be maintained under the present form of the complaint. The evidence on the trial, the averments in the complaint, and the admissions in the answer show that the alleged lien and judgment incumbrance did not amount to the sum of $250. The direct question was raised on the motion for the nonsuit. While it is true that an action might have been commenced by the plaintiff solely to restrain the sale of the property, or that the plaintiff might have permitted the property to be sold while she was in possession, forbidding the sale, and then awaited the bringing of an action of ejectment, on the part of the purchaser, to eject her from the premises, or that an action might have been brought under the same circumstances to set aside the two conveyances as fraudulent, making all the parties to the instruments parties defendant, still none of these courses were pursued. The first grantee, Mary Howard, has not been made a party to this action, and it is difficult to see how her rights can be determined here. The action having been brought under a statute permitting it to be prosecuted when certain conditions are present, still the complaint must show affirmatively all of the necessary facts and material averments before that action can be maintained. The present action was brought to compel the determination of a claim to real property under section 1638, and upon the trial it could not be converted into an action to restrain the sale of real property under an alleged judgment lien by one who is contesting that claim, under a complaint which, upon its face, shows the judgment not to have been a lien at the time of the commencement of the action. If the conveyance was made, as claimed on the part of the plaintiff, on the 11th day of August, 1887, and the title to that property passed from George Kothe to Mary Howard, the judgment was not a lien upon the real estate, unless that conveyance was fraudulent. Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. By docketing the judgment against George Kothe upon the issuing and return of an execution unsatisfied, an action might have been

brought against George Kothe and Mary Howard to set aside that conveyance as fraudulent, upon the ground that it was made and accepted for the purpose of hindering, delaying, cheating, and defrauding the creditors of George Kothe, the judgment debtor.    Weaver v. Haviland, 142 N. Y. 534, 37 N. E. 641.    Or, if the amount of the lien had been at least $250, perhaps then this action might have been maintained against the original grantor and grantee, as an execution could then have been issued, and the real estate advertised and sold, and the title could have been contested in an action of ejectment by the plaintiff had she become the purchaser under such a sale.    Or, if the grantee had not been in possession, the purchaser might have taken possession under the sale upon an execution, and might have defended the title thus acquired against the alleged fraudulent grantee and those claiming under her.    Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082.    In the case at bar, for the purposes of this action, the plaintiff must be held to be a bona fide purchaser of the premises in question.    Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105. The conveyance having passed beyond the original grantee of George Kothe, the judgment lien has been lost.    By a fraudulent conveyance, while the title remained in the fraudulent grantee, the lien of the judgment was valid, and the judgment creditor could have sold the land, under execution, upon his judgment.    Smith v. Reid, supra. It is only where the lien remains an incumbrance upon the property that an action under section 1638 can be maintained.

The complaint, upon its face, as well as the facts proved upon the trial, satisfy me that this action cannot be maintained in its present form.    The motion for a nonsuit and to direct a judgment in favor of the defendants is therefore granted, and the complaint is dismissed, with costs; but not upon the merits.