LEHMAN v. CROSBY et al.

(District Court, S. D. New York. February 9, 1900.)

1. CREDITORS' SUITS—LIMITATIONS—DISCOVERY OF FRAUD.

Under the ruling of the New York court of appeals, that the discovery by a creditor of a fraudulent transfer of property by his debtor does not start limitations running against a suit to subject the property, unless the creditor has already obtained judgment and issued execution thereon in the state, but that his right of action accrues only when he has taken such preliminary steps, where sufficient time has not elapsed thereafter to bar his suit, the time, manner, or circumstances of discovering the al-

leged fraud are immaterial, and need not be alleged; such allegations being necessary only when the ordinary period of limitation is sought to be extended by reason of lack of knowledge of the fraud.

2. BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEE.

Bankr. Act 1898, § 23b, providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," is to be strictly construed, as being a limitation upon the general grant of jurisdiction to the courts of bankruptcy in other parts of the act; and this provision does not apply to a suit by the trustee to set aside an alleged fraudulent conveyance of property by the bankrupt, which is one the bankrupt could not have maintained, but the court of bankruptcy has jurisdiction of such suit.

In Equity. Suit by the trustee of a bankrupt to charge the proceeds of property alleged to have been fraudulently transferred by the bankrupt. On demurrer to bill.

Putney & Bishop, for plaintiff.

Rich, Woodford, Bovee & Wallace, for defendants.

BROWN, District Judge. The complaint seeking to charge the proceeds of the alleged fraudulent transfer in the hands of the defendant Mathilda G. Crosby, with the payment of the judgment creditor's claim, is identical in principle with the case of Weaver v. Haviland, 142 N. Y. 534, 37 N. E. 641. In that case it was held that a discovery of fraud in the judgment debtor's transfer would not set the statute of limitations running within this state unless the creditor had already procured judgment and issued execution upon the debt within this state; that the cause of action does not accrue until this latter date, although the fraud was discovered before.

1. The above decision and others therein cited to the same effect, seem to me decisive of the present demurrer, so far as relates to the long lapse of time since the transfers were made, and the lack of explanation as to when and how the alleged fraud was discovered. For the only state statute of limitations applicable to this action, is that of the state of New York, and that must be construed as determined by the highest court of the state. Until the recovery of the judgment in Massachusetts in May, 1898, based upon the Indiana judgments of 1874, there was never any judgment against the debtor upon which a creditors' bill could have been maintained anywhere, except in the state of Indiana, where the debtor never resided. The statute, therefore, never began to run within this state. Nor was the right of action ever barred in Illinois, where the defendant at one time resided (Code N. Y. § 390); since, for the above reason, it never even accrued there, and the statute of limitations therefore did not begin to run. The present action could not be maintained here without a new judgment and execution in this state, except for the fact that in favor of a trustee in bankruptcy the recovery of the additional judgment is not necessary.

In cases like the present, therefore, where, so far as it appears from the complaint, the cause of action has not accrued, nor the statute of limitations commenced, prima facie, to run, I think the

requirement of any detailed statement as to the time, manner or circumstances of discovering the alleged fraud (Pearsall v. Smith, 149 U. S. 231, 236, 13 Sup. Ct. 833, 37 L. Ed. 713; Jones v. Smith [C. C.] 38 Fed. 380) is unnecessary. That is only required when the ordinary period of limitation is sought to be prolonged through lack of knowledge of the alleged fraud. This ground of demurrer should, therefore, be overruled.

2. As respects the right of the trustee to maintain an action like the present in this court under the bankruptcy act of 1898, I adhere to my previous rulings. There are so many reasons for the exercise of jurisdiction by this court in cases of fraud, that I think section 23b should not be enlarged by construction beyond its terms, and its apparent purpose. In terms it applies only to such actions as the bankrupt himself could have brought but for the institution of bankruptcy proceedings. This action is not of that kind. By no possibility could the bankrupt have maintained an action to set aside his own fraudulent dealings. There is a broad and proper field for the operation of section 23b as it reads; namely, in its application to the collection of the ordinary debts owing to the bankrupt, to collect which in the usual course of proceeding he would be required to seek his debtors in the counties where they reside, and where usually it would be far more convenient and just that such litigations should be had, rather than to bring the defendants often over long distances to the federal district court. This I think is the purpose of subdivision "b." Its terms do not include actions like the present, which are therefore, as I think, rightly brought in this court under section 2, subd. 7. See Murray v. Beal (D. C.) 97 Fed. 567, and cases there cited.

The demurrer is overruled.