(56 Misc. Rep. 370.)

### HOLLAND v. GROTE et al.

(Supreme Court, Special Term, New York County. November, 1907.)

1. PLEADING—ANSWER—CONCLUSIONS.

It is no defense to an equitable action to allege that plaintiff has an adequate remedy at law; it being a conclusion only.

2. LIMITATION OF ACTIONS—PLEADING.

In an equitable action, an answer alleging that the cause of action was barred because suit was not commenced within 10 years after the cause of action accrued is insufficient, where the complaint does not show on its face that such period of limitation has expired, and the answer does not allege facts establishing such expiration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 683.]

3. PLEADING—DEMURRER.

On a demurrer to an answer, the court may determine the sufficiency of the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 540–542.]

4. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PLEADING.

Plaintiff sued to set aside a conveyance of real property as in fraud of creditors, and the complaint alleged that the conveyance was without consideration and with intent to defraud plaintiff's assignor and other creditors of the grantor, all with the knowledge of the grantee. *Held* to sufficiently allege the insolvency of the grantor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, § 775.]

Action by James H. Holland against Augustus H. Grote and others. On demurrer to answer. Sustained.

Otto V. Schmidt, for plaintiff.
William C. Rosenberg, for defendants.

BISCHOFF, J. This is a judgment creditor's action to reach the proceeds of the sale of certain real property conveyed by the defendant judgment debtor to his codefendant, Ida F. Grote, without consideration, and by her conveyed to an innocent purchaser. The defendant Ida F. Grote interposes three separate defenses, to each of which the plaintiff has demurred for insufficiency of substance. These de-

fenses are that the complaint does not state facts sufficient to consti-
tute a cause of action, that the plaintiff has an adequate and complete
remedy at law, and that the cause of action alleged in the complaint
"did not accrue to the plaintiff or his assignor within 10 years from the
commencement of this action."

The question of the sufficiency of the complaint, while it cannot prop-
erly be raised by a defense, so styled, is involved in the determination
of this demurrer to the answer, under the familiar rule that a demurrer
reaches the first bad pleading. The remaining defenses, however, are
quite clearly insufficient; and the demurrer must be sustained, unless
it is to be held that, because of some insufficiency of statement in the
complaint, the demurrer to the answer is to be overruled as a whole.
The defense that the plaintiff has an adequate remedy at law amounts
to a conclusion merely; and, in view of the averments of the complaint,
there can be no question that the character of the action is equitable, if
any cause of action at all exists. The cause of action being purely
equitable in its nature, a defense that the plaintiff has an adequate
remedy at law is insufficient, and its insufficiency is properly to be
raised by demurrer, as was held in Edmonds v. Stern, 89 App. Div.
539, 85 N. Y. Supp. 665. See, also, Golden v. Health Dept., 21 App.
Div. 420, 47 N. Y. Supp. 623; Olivella v. New York & H. R. R. Co., 51
App. Div. 612, 64 N. Y. Supp. 1145; Id., 31 Misc. Rep. 203, 64 N. Y.
Supp. 1086.

The further defense to the effect that the cause of action is barred
because suit was not commenced within 10 years after the cause of ac-
tion accrued is insufficient, because the effect of such a defense is sim-
ply to invite the court's scrutiny of the complaint to determine whether,
upon the face of the pleading, the asserted cause of action is open to
the defense of the statute of limitations, in view of the allegations as
to the accruing of that cause of action. If, from the allegations of
the complaint, it appears that the defense of the statute of limitations is
insufficient as a matter of necessity, a demurrer to the defense will lie;
the mere statement of the defense being no more than the averment
of legal conclusion. Gray Lithograph Co. v. American W. T. D. Co.,
44 Misc. Rep. 206, 88 N. Y. Supp. 857. Here the complaint alleges
the issuance of execution on the 7th day of June, 1907, and its return
unsatisfied on the 26th day of the same month. The cause of action
accrued at the time when an execution issued upon the judgment was
returned unsatisfied (Weaver v. Haviland, 142 N. Y. 534, 37 N. E.
641, 40 Am. St. Rep. 631; Baker v. Potts, 73 App. Div. 31, 76 N. Y.
Supp. 406), and the plaintiff had six years from that date within which
to commence his action (Code Civ. Proc. § 382, subd. 5; Weaver v.
Haviland, supra). While the judgment was obtained in the year 1888,
the plaintiff was not required to allege the fact that leave of court had
been obtained prior to the issuance of the latter execution; since the
defect, if any, is one which should be corrected upon motion. Ault-
man & Taylor Co. v. Syme, 163 N. Y. 54, 69, 57 N. E. 168, 79 Am.
St. Rep. 565. It therefore appears from the face of the complaint that
the action was commenced in time, and if, because of the issuance and
return unsatisfied of a prior execution, which is not referred to in the
complaint, the cause of action accrued within some period anterior to

six years before the date of the commencement of the action, the necessary facts should be set up by the defendant to support the plea of the statute of limitations.

Upon the subject of the sufficiency of the complaint, it is contended by the defendant that the pleading is fatally defective because of the absence of an averment that the judgment debtor was at the time of the conveyance insolvent, or that he was unable to pay his debts at the time of the rendition of judgment. Upon this point it suffices to say that the general averment in the complaint to the effect that the transfer was made without consideration and with intent to hinder, delay, and defraud the creditors of the grantor, and particularly to defraud this plaintiff's assignor, all of which was with the knowledge of the grantee, has been held to include an allegation of insolvency. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9. The reason for the ruling, as announced in the case cited, was stated to be that the general averment of an intent to hinder, delay, and defraud includes every element of a fraudulent transfer, and suffices to admit proof of the fact of insolvency and of such other evidentiary facts as may be incidentally involved, without their express averment.

The demurrer is therefore sustained, with costs, with leave to the defendant to amend within 20 days upon payment of costs.

Demurrer sustained, with costs, with leave to defendant to amend within 20 days upon payment of costs.