## HOLLAND v. GROTE et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. FRAUDULENT CONVEYANCES—REMEDIES OF CREDITORS—PERSONS WHO MAY ASSERT INVALIDITY—JUDGMENT CREDITORS.

A complaint by a judgment creditor to set aside a fraudulent conveyance by the debtor, which alleges that plaintiff's assignor recovered a judgment against defendant, and execution thereon was returned unsatisfied, and after the cause of action accrued the judgment debtor conveyed real estate to his sister-in-law without consideration, for the purpose of defrauding creditors, and particularly plaintiff, states a cause of action.

2. SAME—RIGHT TO SET ASIDE.

A conveyance of property with intent to delay and defraud creditors is void as to judgment creditors, and such creditors are entitled to equitable relief against the fraudulent conveyance, though the judgment was a lien at the time of the transfer and enforceable by execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 681–683.]

3. SAME.

A judgment creditor may attack in equity a conveyance made by debtors to defraud creditors irrespective of his right to recover on his judgment; it being only necessary to show that the judgment creditor has exhausted his legal remedies by alleging and proving the issuance of execution thereon unsatisfied; that fact being conclusive evidence of the inadequacy of the legal remedy, and entitling him to have the conveyance set aside in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 681–683.]

4. LIMITATION OF ACTIONS—FRAUDULENT CONVEYANCE—ACTION TO SET ASIDE.

Where a judgment was obtained in 1888 against defendant and execution thereon was duly issued in 1907, and returned unsatisfied, in an action to set aside a conveyance, made by the judgment debtor in 1893 to defraud creditors, the cause of action did not accrue until the issuance and return of the execution; and hence was brought within the six-year statute of limitations prescribed by Code Civ. Proc. § 382, for actions formerly cognizable in the court of chancery to procure a judgment other than for money on the ground of fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 186.]

5. SAME—PLEADING—ANSWER—NECESSITY.

In a suit to set aside a conveyance in fraud of creditors, where the complaint alleged the issuance of the execution on the judgment against the debtor and its return unsatisfied within the statutory period, if the action was barred because of the issuance and the return unsatisfied of a prior execution, not mentioned in the complaint, defendant should allege such prior execution in order to show that the suit to set aside the conveyance was not brought within the statutory time after issuance of the execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 683.]

McLaughlin and Houghton, JJ., dissenting.

Appeal from Special Term.

Action by James M. Holland against Augustus H. Grote and others to set aside a conveyance made to defraud creditors. From a judgment (56 Misc. Rep. 370, 107 N. Y. Supp. 667) sustaining a demurrer to the answer, one of defendants appeal. Judgment affirmed, with costs.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

William C. Rosenberg, for appellant.
Otto B. Schmidt, for respondent.

INGRAHAM, J. The action was brought by a judgment creditor of the defendant Augustus H. Grote to set aside a transfer of real property to the defendant Ida F. Grote. The plaintiff alleged that one Conrad Stein on the 27th of September, 1888, obtained a judgment against the defendant Augustus H. Grote in the City Court of the city of New York, and on the same day a transcript of the judgment was duly filed, and said judgment docketed in the office of the clerk of the county of New York; that on the 7th of June, 1907, an execution upon said judgment against the property of the defendant and judgment debtor Augustus H. Grote was duly issued and delivered to the sheriff of the county of New York, in which county the judgment debtor then resided and still resides; that on the 26th of June, 1907, said execution was duly returned by the sheriff wholly unsatisfied; that on the 1st of February, 1893, the judgment debtor "undertook to transfer and convey to the defendant above named, Ida F. Grote, his sister-in-law, by a certain deed of gift, that certain real estate of which he, the said Augustus H. Grote, was then the owner," which real estate was particularly described; that there was no consideration whatever for the transfer and conveyance of the said property; that on the 8th of May, 1899, the defendant Ida F. Grote sold and conveyed the said premises to one O'Reilly in consideration of the sum of $20,-970, and received the purchase money therefor; "that the said attempted transfer and conveyance of said premises and property from the defendant Augustus H. Grote to the defendant Ida F. Grote, his sister-in-law, was without any consideration whatever, and was made with intent to hinder, delay, cheat and defraud the creditors of the said defendant Augustus H. Grote, and particularly the said Conrad Stein, plaintiff's assignor, of his said judgment and claim, all to the knowledge of said defendant Ida F. Grote;" that knowledge of this conveyance and of the facts stated had only come to the plaintiff recently, and that said Conrad Stein, plaintiff's assignor, was wholly ignorant of the said transfer and conveyance and of the facts set forth in the complaint until recently; that before the commencement of the action the said judgment was assigned by the judgment creditor to this plaintiff, and the judgment demanded is that the transfer of the said premises and property of the judgment debtor to the defendant Ida F. Grote be adjudged fraudulent and void as against the creditors of the said Augustus H. Grote and particularly of this plaintiff, and that the plaintiff's judgment be satisfied out of the proceeds of

such property in the hands of the defendant Ida F. Grote. To this complaint the defendant Ida F. Grote interposed an answer, denying the material allegations of the complaint except the conveyance to her of the property and alleged three separate and distinct defenses: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the plaintiff has an adequate and complete remedy at law; and, third, that the cause of action alleged in the complaint did not accrue to the plaintiff or his assignor within 10 years from the commencement of the action. To these three defenses the plaintiff demurred as insufficient on the face thereof, and from the interlocutory judgment sustaining this demurrer the defendant Ida F. Grote appeals.

The first defense demurred to alleges that the complaint does not state facts sufficient to constitute a cause of action. This is probably insufficient as a defense; but, as the defendant was entitled to attack the sufficiency of the complaint, that question is presented on this appeal. In determining this question it must be considered as if the defendant had demurred to the complaint. It is alleged that the defendant Augustus H. Grote, a judgment debtor, conveyed certain real property to the defendant Ida F. Grote without consideration, and that the conveyance was made with intent to hinder, delay, cheat, and defraud his creditors, and particularly the plaintiff's assignor, who was then a judgment creditor, to the knowledge of the defendant Ida F. Grote. That this is a sufficient allegation to sustain an action to set aside a conveyance by a judgment creditor of the grantor is now settled in this state. The case of Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9, was an action by which the plaintiff sought to have adjudged and declared fraudulent and void as to her intestate a transfer of certain real estate made by one of the defendants to his daughter. The complaint alleges a recovery of a judgment, the return of the execution thereon unsatisfied; that after the cause of action accrued, the defendant transferred his property which would be subject to the lien of the execution to his wife, daughter, and brother by instruments particularly described; that this transfer was made without consideration and with intent to hinder, delay, and defraud the plaintiff of her claim; and the relief demanded was that the conveyance be set aside and declared void, and that a receiver be appointed for the purpose of applying the property to the payment of the judgment. The court held that these facts standing admitted upon the record established a cause of action by a judgment creditor against the defendant in the execution and his fraudulent grantees or transferees entitling the plaintiff to equitable relief; that the evidence necessary to support these allegations of a fraudulent intent may be, and usually is, made up of many different facts and circumstances, but it is not necessary to insert them in a pleading, and it is generally improper to do so; that "the pecuniary condition of the defendant at the time, the extent of his property, the part transferred, and that retained, as well as the nature and extent of the plaintiff's claim, which subsequently ripened into a judgment, were all facts bearing on the general allegation of fraud. The plaintiff could prove all these facts and circumstances under her complaint."

And this case was reaffirmed in Vollkommer v. Cody, 177 N. Y. 124, 69 N. E. 277, where the court said:

"Moreover, insolvency, while a fact, is but an evidential fact, which need not be alleged"—citing Kain v. Larkin, supra.

The fact that when the transfer was made the plaintiff's judgment was a lien upon the real property which the judgment creditor could enforce by execution, and therefore that the transfer could not have been made with intent to hinder, delay, and defraud creditors, does not override the express allegation of the complaint which upon the question we are now considering must be taken to be admitted—that the conveyance was actually made with intent to hinder, delay, and defraud creditors in which intent the grantee participated. This fact would have a material bearing on the trial of the action in the determination by the trial court as to the intent with which the conveyance was made. But if the intent with which the conveyance was made is established to the satisfaction of the trial court upon competent evidence, the conveyance is void as to the creditors, even though the creditors had a remedy other than the judgment creditor's action by which they could obtain relief. A conveyance of property with intent to hinder, delay, and defraud creditors is void as to judgment creditors, and for relief against such a fraudulent conveyance a judgment creditor is entitled to apply to a court of equity. I think, therefore, that the complaint states a good cause of action, and this conclusion disposes of the first defense demurred to.

The second defense is that the plaintiff has an adequate and complete remedy at law. The right of a judgment creditor to attack a conveyance of property made with intent to hinder, delay, and defraud creditors in equity, irrespective of any other remedy by which he could recover the money due upon his judgment, is established in this state. It is necessary to allege and prove that the judgment creditor has exhausted his legal remedies to enforce his judgment by alleging and proving the issuance and return of an execution unsatisfied. That fact, being alleged and proved, is conclusive evidence of the failure of legal remedies to afford the judgment creditor relief and entitled him to maintain an action in equity to set aside the conveyance. Counsel for the defendant does not suggest what other remedy at law the plaintiff could possibly have. Considering the nature of the action, it seems to me apparent that, when the plaintiff has exhausted his remedy at law to enforce the judgment, an allegation that the plaintiff has another remedy at law is insufficient as a defense.

The third defense is that the cause of action alleged in the complaint did not accrue to the plaintiff or his assignor within 10 years from the commencement of this action. The judgment was obtained in 1888, and the execution upon the judgment was issued in 1907. The complaint alleges that this execution was duly issued. Upon the allegations of the complaint, therefore, it is quite clear that the cause of action did not accrue until the issuance and return of the execution. In Weaver v. Haviland, 142 N. Y. 534, 37 N. E. 641, 40 Am. St. Rep. 631, it was held that the limitation applicable to an action of this kind was that prescribed by section 382 of the Code of Civil Pro-

cedure. The cause of action alleged in the complaint was based upon the issuance and return of the execution unsatisfied upon the judgment in 1907, and it is apparent that six years have not elapsed since the cause of action based upon the return of that execution unsatisfied accrued. The cause of action alleged in the complaint, therefore, did accrue within six years before the commencement of the action. The learned court at Special Term said:

"It therefore appears from the face of the complaint that the action was commenced in time, and if because of the issuance and the return unsatisfied of a prior execution, which is not referred to in the complaint, the cause of action accrued within some period anterior to six years before the date of the commencement of the action, the necessary facts should be set up by the defendant to support the plea of the statute of limitations."

In that conclusion I agree. If by reason of some facts not alleged in the complaint or which did not appear in the pleadings the cause of action had accrued prior to the time when by the allegations of the complaint it had accrued, to make the statute of limitations available the facts tending to show that such cause of action had accrued and was barred by the statute should be alleged. Upon the face of the complaint the cause of action had accrued within six years prior to the commencement of the action. If the plaintiff had lost the right to maintain the action because of some fact not appearing from the record, the defendant was bound to allege that fact as part of his defense of the statute of limitations. The question as to the validity of the execution, or as to whether it was void or voidable as issued more than five years after the entry of judgment, is not before us on this appeal. See Code Civ. Proc. § 1377; Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565.

My conclusion, therefore, is that the complaint states a good cause of action, that neither of the defenses demurred to is sufficient upon the face thereof, and that the judgment must be affirmed, with costs, with leave to the defendant to amend his answer on payment of costs in this court and court below within 20 days.

CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). A bad answer is good enough for a bad complaint. I do not think the complaint states a cause of action, and for that reason the demurrer to the three defenses set up in the answers should have been overruled.

The action is brought to set aside a deed of conveyance from Augustus H. Grote to the defendant Ida F. Grote, executed and delivered on the 8th of May, 1899, upon the ground that the same was made without consideration, and with intent to hinder, delay, and defraud the plaintiff's assignor—a judgment creditor. The complaint alleges that the plaintiff's assignor, one Conrad Stein, on the 27th of September, 1888, recovered a judgment against Augustus H. Grote in the City Court of the city of New York, and that on the same day a transcript of the same was duly filed in the county clerk's office of the county of New York. This judgment thereupon became a lien upon the land conveyed, which the judgment creditor could at any time within 10 years

thereafter have enforced had he seen fit to do so. He could have sold the land and applied the proceeds derived therefrom to the payment of the judgment. He did not do this, but waited until the lien had ceased to exist, and then, when a conveyance was made, attacked it upon the ground that it was made with intent to hinder, delay, and defraud. During the existence of the lien—had a conveyance been made—I do not see how he could have attacked it. Such conveyance would neither have hindered, delayed, nor defrauded, because the conveyance would necessarily have been made subject to the lien of the judgment, and the land could have at any time been sold, and the proceeds applied in payment of the judgment. The fact that the lien ceased to exist because he did not see fit to enforce it during the statutory period gave him no additional rights. The plaintiff, therefore, is not in a position to maintain that he or his assignor was hindered, delayed, or defrauded by the conveyance sought to be set aside.

For these reasons, I am unable to concur in the opinion of Mr. Justice INGRAHAM. I think the judgment appealed from should be reversed and the demurrer overruled, with costs in this court and in the court below.

HOUGHTON, J., concurs.