BENVEGA v. UNITED STATES SURETY CO.

MUSCO v. SAME.

(Supreme Court, Special Term, New York County.    December, 1908.)

1. CONSTITUTIONAL LAW (§ 208*)—CLASS LEGISLATION.
    Laws 1907, p. 263, c. 185, requiring all persons and corporations engaged in selling steamship or railroad tickets to or from foreign countries to execute a bond, is unconstitutional as class legislation.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 651; Dec. Dig. § 208.*]

2. CONSTITUTIONAL LAW (§ 240*)—EQUAL PROTECTION OF LAWS.
    Laws 1907, p. 263, c. 185, requiring all corporations and persons engaged in selling steamship or railroad tickets for transportation to and from foreign countries to execute a bond, is unconstitutional as not affording the equal protection of the laws.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 688; Dec. Dig. § 240.*]

Action by one Benvega and by one Musco against the United States Surety Company.    Demurrer to complaint overruled.

Achille J. Oishei, for both plaintiffs.
Nelson & Keatch, for plaintiff Benvega.
Blumenstiel & Blumenstiel, for defendant.

O'GORMAN, J.    This is an action brought by an assignee of a number of claims against the defendant, a surety company in the city of New York, upon a bond given by the defendant for a so-called steamship ticket agent, its principal, pursuant to chapter 185, p. 263, of the Laws of 1907.    This statute provided that all corporations, firms, and persons engaged in the selling of steamship or railroad tickets for transportation to or from foreign countries, who in connection with said business carry on the business of receiving deposits of money for the purpose of transmitting the same or the equivalent thereof to foreign countries, shall, before entering into said business, execute a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bond to the people of the state of New York in the sum of $15,000, conditioned for the faithful holding and transmission of any money delivered to it for such purpose. The act further provided that suit to recover thereon might be brought by any person aggrieved.

The defendant interposes two affirmative defenses, to which the plaintiff has demurred for insufficiency. The first affirmative defense alleges that the statute, pursuant to which the bond was executed, "is unconstitutional and class legislation, and that all proceedings and acts thereunder are void, and any bonds given thereunder are null and of no effect." The second affirmative defense alleges "that the plaintiff's complaint herein does not state facts sufficient to constitute a cause of action." Both of these defenses are mere conclusions of law, and wholly insufficient. The constitutionality of a statute upon which a claim is based may be raised by a demurrer to the complaint or a general denial, preferably the former in this case. Where, however, an answer is demurred to for insufficiency, the demurrer will be overruled, notwithstanding the infirmities of the answer, if the complaint itself fails to set forth a cause of action. Holland v. Grote, 56 Misc. Rep. 370, 107 N. Y. Supp. 667; same case in Court of Appeals (December 17, 1908) 86 N. E. 30.

In my opinion, the statute in question is unconstitutional by reason of the sixth section thereof, which excludes steamship companies or their authorized agents from the operation thereof. This is an arbitrary discrimination, in violation of the equal protection of the laws guaranteed by the Constitution. People ex rel. Farrington v. Mensching, 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 625; People ex rel. Armstrong v. Warden, 183 N. Y. 224, 76 N. E. 11, 2 L. R. A. (N. S.) 859. The statute being unconstitutional and void, the bond furnished under it necessarily falls. Vose v. Cockcroft, 44 N. Y. 415.

Demurrer overruled, with costs.