THE FRANK SHEPARD COMPANY, Respondent, *v.* ZACHARY P. TAYLOR PUBLISHING COMPANY et al., Appellants.

Creditor's suit — former adjudication — limitation of actions — when action by judgment creditor to have declared invalid a chattel mortgage executed by insolvent corporation and to compel accounting of proceeds of sale not barred by prior judgment in action to set aside mortgage — action must be brought within six years after recovery of judgment and return of execution unsatisfied.

1. An action brought by a judgment creditor under section 66 of the Stock Corporation Law (Cons. Laws, ch. 59) to have declared invalid and void a chattel mortgage, executed by defendant corporation, and the sale on the foreclosure thereof and to compel the mortgagee to account to the plaintiff for the property obtained by her and the proceeds thereof, is not barred by a prior judgment recovered in an action to set aside the chattel mortgage as a fraud upon creditors.

30

2. The liability of the mortgagee to turn back the property received upon the sale under the void chattel mortgage and to account for the proceeds is a liability created by statute and this action, therefore, is governed by subdivision 2 of section 382 of the Code of Civil Procedure providing a six-year limitation for an action to recover upon a liability created by statute.

3. The Statute of Limitations, however, could not begin to run until the cause of action accrued to the plaintiff which could not have brought this action under the circumstances of this case until it had become a judgment creditor of the mortgagor and the return of an execution unsatisfied. This action, therefore, having been brought within six years from the recovery of the judgment, is not barred.

*Shepard Co.* v. *Taylor  Publishing  Co.*, 198 App. Div. 638, affirmed.

(Argued December 12, 1922; decided January 16, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1921, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury and granting a new trial.

*Arthur  V. D. Chamberlain* for appellants. The judgment in the former action and judgment of affirmance are a bar to this action. (*Steinbach* v. *R. F. Ins. Co.*, 77 N. Y. 498; *Lorrilard* v. *Clyde*, 122 N. Y. 41; *Westerfield* v. *Rodgers*, 174 N. Y. 230; *Bostwick* v. *Abbott*, 40 Barb. 331; *Gutta Percha & Rubber Mfg. Co.* v. *Mayor*, 108 N. Y. 276; *Young* v. *Farwell*, 165 N. Y. 341; *Maeder* v. *Wexler*, 98 App. Div. 68; *Doty* v. *Brown*, 4 N. Y. 71; *Pray* v. *Hagaman*, 98 N. Y. 351; *Campbell P. P. Mfg. Co.* v. *Walker*, 114 N. Y. 7.) The Statute of Limitations has run against plaintiff's action as to both defendants. (Code Civ. Pro. § 382, subd. 2.)

*F. Sidney Williams* for respondent. The former suit and former judgment are not a bar to this action. (*Bank of Chenango* v. *Hyde*, 4 Cow. 567; *McCollum* v. *Mutual Life Ins. Co.*, 55 Hun, 103; *Tuck* v. *Rottkowsky*, 47 Misc. Rep. 386; *Mincer* v. *Green*, 47 Misc. Rep. 374; *Eisenberg*

v. *Thorn,* 49 Misc. Rep. 617; *Supervisors* v. *White,* 30 Barb. 72; *Seed* v. *Johnston,* 63 App. Div. 340; *Burdick* v. *Post,* 12 Barb. 168; 6 N. Y. 522; *Barth* v. *Burt,* 17 Abb. Pr. 349; *Bates* v. *Stanton,* 1 Duer, 79; *Matthews* v. *Duryee,* 45 Barb. 69; 4 Keyes, 525; *Ferguson* v. *Mass. Mutual Life Ins. Co.,* 22 Hun, 320.) The Statute of Limitations had not run. (*Gilmore* v. *Ham,* 142° N. Y. 1; *Treadwell* v. *Clark,* 190 N. Y. 59; *Ford* v. *Clendenin,* 215 N. Y. 16.)

*Per Curiam.* We agree with the Appellate Division that this action was not barred by the prior judgment recovered in the action to set aside the chattel mortgage as a fraud upon creditors. We also agree with the Appellate Division that this action is not barred by the Statute of Limitations, but we do not agree with the application of that statute as stated in its opinion. The Appellate Division was of the opinion that the ten-year Statute of Limitations applied. (Code of Civil Procedure, section 388.) This action was brought by the plaintiff as a judgment creditor under section 66 of the Stock Corporation Law (Cons. Laws, ch. 59), which provides that no conveyance, assignment or transfer of any property or security given by a corporation which is insolvent, with intent to give a preference to any particular creditor shall be valid. " Every person," so the section reads, " receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees." We are of the opinion that subdivision 2 of section 382 of the Code of Civil Procedure, which provides a six-year limitation for an action to recover upon a liability created by statute, governs this case. The complaint in this action demands judgment that the chattel mortgage and the sale to the defendant Shuart on the foreclosure thereof be declared invalid and void, and that the mortgagee Shuart be directed and compelled to account to the plaintiff for the property obtained by her and the

proceeds thereof. The liability of the mortgagee to turn back the property received upon the sale under the void chattel mortgage and to account for the proceeds was a liability created by statute. It did not exist at common law. " Liability created by statute " means a liability which would not exist but for the statute. (*Hawkins* v. *Iron Valley Furnace Company,* 40 Ohio St. 507, 514.)

However, this six-year Statute of Limitations could not begin to run until the cause of action accrued to the plaintiff. The chattel mortgage was given by the Zachary P. Taylor Publishing Company to the defendant Harriet A. Shuart on April 4, 1912. The judgment against the publishing company was not recovered until March 24, 1914. This action was brought on July 30, 1919, within six years from the recovery of the judgment. The plaintiff could not have brought this action under the circumstances of this case until it had become a judgment creditor of the mortgagor. The right of a creditor to bring an action to set aside a fraudulent transfer of property made by his debtor ordinarily does not accrue until the recovery of a judgment against the debtor and the return of an execution thereon unsatisfied. Until that time, therefore, the Statute of Limitations does not begin to run against such a cause of action. (*Weaver* v. *Haviland,* 142 N. Y. 534; *Holland* v. *Grote,* 125 App. Div. 413.)

The corporation or its stockholders might have brought this action but the stockholders were Zachary P. Taylor and his family; the mortgagee Shuart was his sister.

With this statement regarding our position on the Statute of Limitations, we affirm the order of the Appellate Division granting a new trial, and order judgment absolute against appellant upon the stipulation, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed, etc.