■ CITY OF NEW YORK, Respondent, v KINGSVIEW HOMES, INC., Appellant.—Judgment, Supreme Court, New York County, entered January 5, 1979, modified, on the law, to the extent of limiting plaintiff's recovery to a period of three years antedating the commencement of the action and, except, as so modified, affirmed, without costs. Plaintiff, the City of New York, commenced this action to recover certain fees claimed to be due from defendant (Kingsview), a redevelopment housing company, to the Housing and Development Administration (HDA) under the Private Housing Finance Law. Kingsview was organized in 1953 under the then existing Redevelopment Companies Law [L 1942, ch 845, § 19 as amd]. It subsequently contracted with the city for the construction of a project which thereafter was erected and tenanted. Initially, the agency designated to supervise the construction and operation of the project was the city comptroller. He was

succeeded by the housing development board which, in turn has been succeeded by HDA. In 1961 the Redevelopment Companies Law was replaced by the Private Housing Finance Law. In large part the provisions of the Redevelopment Companies Law were incorporated into the Private Housing Finance Law. In the process, the power of the supervisory agency to impose fees was expanded. Whereas section 19 of the Redevelopment Companies Law had limited fees payable to the supervising agent to the construction stage, Private Housing Finance Law expanded the power to impose fees to "audit, regulation and general supervision of the management of the company" (Private Housing Finance Law, § 118). Pursuant to the authority thus granted, the supervising agency adopted a schedule of fees requiring each redevelopment company to pay to it the sum of $1 per annum for each rental room as a management and general supervision fee. We agree with Special Term, that the city was authorized to collect the fee so imposed. Our point of departure stems from the period of limitations applicable thereto. Special Term noted that the original obligation to pay fees to the supervising agent flowed from contract. Hence, it reasoned that an expansion of the right which found origin in the agreement was contractual and therefore, subject to the six-year Statute of Limitations (CPLR 213, subd 2). We disagree. Here, in the absence of the statute, no liability for the fee of $1 per room per year would exist. That fee was imposed by virtue of section 118. Kingsview did not consent thereto, nor was its original contract so open-ended as to include within its embrace any assessment which the State might thereafter see fit to impose. It falls plainly within the definition of a liability created by statute which is construed to mean "a liability which would not exist but for the statute" (Shepard Co. v Taylor Pub. Co., 234 NY 465, 468). In these circumstances, the action is one "to recover upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214, subd 2) and is, therefore, governed by the three-year statute. Computation of the amount of the judgment to which the city is entitled by reason of this decision shall be referred back to Special Term, unless the parties can agree on the amount thereof in an order to be settled hereon. The other issues raised by Kingsview have been examined and have been found to be without merit. Concur—Birns, J. P., Bloom, Lupiano, Ross and Lynch, JJ.