(9 App. Div. 431.)

EGAN v. HEALTH DEPARTMENT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

1. BOARD OF HEALTH—ENFORCEMENT OF ORDERS—INJUNCTION.
   The enforcement of an order of the board of health that a tenement house be vacated as unhealthy will not be enjoined where the allegations that certain unsanitary conditions exist are met only by general allegations in the moving papers that the building was in a sanitary condition.

2. INJUNCTION—REMEDY AT LAW.
   Injunction will not lie against the enforcement of an order of the board of health that a tenement house be vacated as unhealthy, but the owner's remedy is by an action at law under Laws 1882, c. 410 (Consolidation Act) § 599, providing that any person whose property may be injured by an order of the board of health may sue the board for damages.

Appeal from special term, New York county.

Action by Josephine E. Egan, by Luke A. Lockwood, her guardian ad litem, against the health department of the city of New York, for an injunction. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Henry A. Forster, for appellant.
Roger Foster, for respondent.

VAN BRUNT, P. J. The motion in this case does not appear to have been denied because of want of power, and therefore, if there were facts enough shown upon the motion to justify the court in refusing the injunction, there is no necessity for the discussion upon this appeal of the interesting constitutional questions sought to be presented. The affidavits upon the part of the plaintiff are to the effect that no pestilence or contagious disease had ever occurred in the building; that all the sinks and drains are in perfect sanitary condition, and have been continually kept in that condition; that the entire plumbing and drainage of the premises are in perfect condition; and that the heights of the ceilings are seven feet seven inches. Upon the part of the defendant, affidavits were offered to the effect that the sink in the yard was filthy, emitting offensive odors, and sour smelling; that the cellar of the building was only five and one-half feet high, was not cemented, but damp, through want of ventilation; that many of the rooms of the tenement in question are ventilated from a narrow space, at the bottom of which there are accumulations of dirt and filth which render the air foul, impure, and unhealthy; and that the whole building is in a very offensive condition from dirt and vermin, is unfit for human habitation, and endangers the health of the occupants of the other houses in the vicinity. This state of the premises in question is sought to be established by the affidavits of several persons who had examined the premises. These particular allegations are in no way met by the plaintiff, who relies entirely upon the general allegations contained in her moving papers. If the premises in question were in the condition sworn to, they were a public nuisance, which the board of health was justified in summarily abat-

ing. Its continuance was a menace to the public health, and it is well settled that a public nuisance may be abated. United States Illuminating Co. v. Grant, 55 Hun, 222, 7 N. Y. Supp. 788. This being the condition of the proofs before the court below, it was justified in refusing to interfere, as a court should not, even if it had the power, except upon good cause shown, interfere in the measures taken by public officials to protect the public health. If the defendants have acted without justification, the plaintiff has her remedy at law, which in this case would seem to be entirely ample.[1]

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

