(21 App. Div. 420.)

GOLDEN v. HEALTH DEPARTMENT OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   October 22, 1897.)

1. PLEADING—DEMURRER—EFFECT AS ADMISSION.
    Where a defense contains no general or special denial, but is confined simply to the statement of new matter, and a demurrer is interposed thereto, all the allegations of the complaint are admitted, for the purposes of the demurrer.

2. SAME.
    Especially is this so where defendant attempts to sustain his pleading on the ground that the complaint itself does not state facts sufficient to constitute a cause of action.

3. HEALTH BOARDS—CONDEMNATION OF BUILDINGS—REMEDY OF OWNERS.
    The statutes authorize no hearing before the board of health either before or after the granting of an order requiring tenants to vacate a building as unfit for human habitation, or condemning the building as a nuisance, and therefore the owner of the building may come into court to prevent the enforcement of the order.

4. SAME—CONCLUSIVENESS OF ORDERS.
    Consolidation Act, § 620, providing that the proceedings and action of the board of health shall be regarded as judicial, and prima facie just and legal, does not make the board a court whose orders are final and conclusive.

5. SAME—EQUITABLE RELIEF—MULTIPLICITY OF ACTIONS.
    Under Consolidation Act, § 659, as amended by Laws 1895, c. 567, the board of health of New York City made an order requiring the occupants of a building to vacate it, as unfit for human habitation. The building was accordingly vacated, and remained empty. Subsequently they declared it a nuisance, and required its destruction. Thereafter the owner sued the board to vacate and cancel the order and resolution, and to restrain defendants from interfering with his possession and use, and from demolishing the building, and for damages. The complaint alleged, in addition to the foregoing facts, that the building was not a nuisance, and not unfit for human habitation. Held, that the owner was entitled to such equitable relief, since complete relief at law would require a multiplicity of actions.

6. SAME—ANSWER—PARTIAL DEFENSE.
    In such action, the fact that, as to the acts alleged in the complaint, the individual members of the board of health, who are defendants, did them in good faith, in the due performance of official duty, pursuant to law, may be set up in the answer, under Consolidation Act, § 599, for the purpose of taking away damages to which such individual defendants might otherwise be subjected. Held, that an answer setting it up as a complete defense to the action, as to all the defendants, including the board as a body, was bad on demurrer.

Appeal from special term.

Action by Bernard Golden against the health department of the city of New York and others. From an interlocutory judgment overruling a demurrer to separate defenses, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Henry A. Forster, for appellant.
Roger Foster, for respondents.

RUMSEY, J.   The defendants in this action are the health department of the city of New York, and the individual members of that department. The plaintiff was in 1896, and for some years before, the owner and in possession of certain tenement houses situated on Cher-

ry street, one of which was No. 32. In the month of July, 1896, the board of health made an order reciting, in substance, that it had been made to appear to them that the rear building situated on lot No. 32 Cherry street was not fit, or reasonably capable of being made fit, for human habitation, by reason of the defects which were stated in the resolution, and, upon that information, ordered that all persons in said rear building be required to vacate said building on or before the 21st day of July, 1896, for the reason that said building is unfit, and not reasonably capable of being made fit, for human habitation, and ordering further that the building be not used again as a human habitation without a written permit from the board. This order was made under the authority given to the board of health by section 659 of the consolidation act, as amended by chapter 567 of the Laws of 1895. The building was vacated accordingly. Subsequently a resolution was passed by the board of health to the effect that the building was a nuisance, for the reasons stated in the resolution; that it was not reasonably capable of being made fit for human habitation, and was dangerous to life and injurious to health; and that the evils could not be remedied by repairs, or in any other way than by destruction of the building,—and resolving that for those reasons, pursuant to the authority vested in them by the statute above mentioned, the building be condemned, and the owner required to destroy the same. No proceedings were taken by the board of health upon this resolution for condemnation, so far as appears, but whether there were or not is a matter of no importance. The building remained vacant, pursuant to the order of the board of health; and subsequently this action was brought, setting up all the facts above stated, and asking, as relief, that the orders to vacate the building, and forbidding its use as a human habitation, be canceled, that the resolution condemning the building be also vacated and canceled, that the defendants be restrained from interfering with the plaintiff's possession and use of the premises, and from tearing down and demolishing them, and for damages which the plaintiff claims he sustained on account of the loss of rents during the time that the building stood vacant. It is alleged in the complaint, in addition to the facts above stated, that this building was not a nuisance, and was not in such condition as not to be fit for human habitation, but, on the contrary, that the premises had always been properly cared for, and that no nuisance of any kind existed, or ever had existed, upon them. To this complaint the defendants interposed an answer setting up several defenses, only two of which need be noticed at this time. One of these, included in the third paragraph of the answer, was, substantially, that the plaintiff had an adequate remedy at law, and that a court of equity had no jurisdiction of the subject-matter of the complaint. The other consisted of an allegation that, as to the acts alleged in the complaint against the defendants, they were done in good faith, in the due, ordinary, and necessary performance of their duty as public officers, under and pursuant to the laws in force in the city of New York for the care and preservation of the public health, and otherwise. To these two separate defenses in the answer the plaintiff demurred, and upon the hearing of the demurrer the court gave

judgment for the defendants, and from that judgment the plaintiff takes this appeal.

Neither of these defenses contains any general or special denial, but each one is confined simply to the statement of new matter which is relied upon to constitute a defense. In such a case, where a demurrer is interposed to an affirmative defense, consisting of new matter entirely, and containing no denial, all the allegations of the complaint are admitted, for the purposes of the demurrer, as though the defense demurred to was the only defense set up in the answer. Valentine v. Richardt (Sup.) 3 N. Y. Supp. 906. Especially are the allegations of the complaint admitted where, as in this case, the defendants attempt to sustain their answer, which is demurred to, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Where that proposition is presented upon the argument of the demurrer to the answer, it is, in substance, a demurrer ore tenus to the complaint, and must be decided upon the same principle as though a formal demurrer to that pleading was interposed. The rule is well established that, where a pleading is demurred to, it is a sufficient defense to the demurrer to establish that the pleading to which it is an answer is itself insufficient in law; and, relying upon this rule, the defendants seek to sustain the judgment here for the reason that the complaint does not state facts sufficient to constitute a cause of action against them. The board of health of the city of New York is an administrative body. It is invested with great powers, which it is at liberty to use summarily whenever the necessities of the case require. Under these powers it may compel any person occupying a house in the city of New York to remove from it whenever, in its opinion, the condition of the house is such that the public health requires such action to be taken. If these persons are tenants, the result is to deprive the owner of the property of the rents which he was receiving. The board of health not only may, as it did in this case, turn out all the occupants of the building, but may condemn it to be destroyed, if, in its judgment, the condition of the building is such that it is a public nuisance. These powers may be exercised without a hearing. Indeed, the order requiring the tenants to vacate the premises, when made, must be without a hearing, for the statute does not authorize the board to permit a hearing to be had in regard to the matter. Neither does it require that the action of the board should be taken upon sworn, or any other, testimony. It may act, as it did in this case, upon the ex parte and unsworn report of one of its sanitary inspectors. If the owner, upon receiving a notice that the order has been made, should ask for a hearing, the board could only say that the law gives them no authority to grant one. So of an order for destruction of the premises; if there is any hearing at all, it is not to be had before that order is made, but it is given to the owner in another proceeding. Such being the case, a proper protection of the rights of property owners makes it necessary that they should in some way have an opportunity to be heard in the courts as to the existence of the nuisance, upon the allegation of which the board of health practically takes away the value of their property, or destroys it. To such a hearing they have

47 N.Y.S.—40

always been held to be entitled in some form of proceeding at law. People v. Board of Health of Yonkers, 140 N. Y. 1, 35 N. E. 320; Board of Health of Yonkers v. Copcutt, 140 N. Y. 12, 35 N. E. 443; New York Health Dept. v. Rector, etc., of Trinity Church, 145 N. Y. 32, 39 N. E. 833, and cases cited on page 48, 145 N. Y., and page 838, 39 N. E. The rule is well settled that the orders of the board of health made in such cases are not conclusive, but that the person who is likely to be damaged by them may come into court and attack the propriety of the orders by contesting the existence of the facts upon which the orders are based, and either have them set aside, or recover damages which he has suffered on account of their enforcement. It is quite true that by section 620 of the consolidation act it is provided that the action, proceedings, authority, and orders of the board of health shall at all times be regarded as in their nature judicial, and be treated as prima facie just and legal. This provision of the statute has been in existence for many years, but it has never been regarded as making the board of health a court whose orders are final and conclusive. Indeed, it makes no provision for any such thing. The statute prescribes the effect which shall be given to these orders, and that is that they shall be regarded as prima facie legal. Thus much was clearly within the power of the legislature, and the statute imposes upon persons who question the orders of the board of health in such cases the duty of establishing that the facts upon which they are based do not exist, or that the orders themselves are beyond the authority given to the board by the law. Further than that the statute does not go. In this case, in the nature of things, the order could not be a judgment or a conclusive adjudication, because it was made without a hearing. The board does not partake in any degree of the qualities of a court, and any attempt to give its decisions the effect of a conclusive adjudication would be futile. There is no doubt, therefore, that the plaintiff is entitled to come into court to protect himself against the enforcement of these orders. The defendant cites, as sustaining the judgment upon the demurrer, three cases decided at the special term, which were those relied upon by the learned justice who made the decision upon which this judgment was based. Two of those decisions were made upon disposing of motions for a preliminary injunction to restrain the board from turning out the occupants of buildings which had been declared to be a nuisance; and in each of those cases the court, following the rulings of this court in Egan v. Health Dept., 9 App. Div. 431, 41 N. Y. Supp. 352, held that it would not interfere with the execution of such orders upon a preliminary motion in an action brought for an injunction, where the court had discretion whether to interfere or not. But in neither case was it suggested that the plaintiff had no cause of action in the premises; the ground of decision in each case being that presumption would be that the action of the board was proper and legal, and that that presumption would not be overthrown for the purpose of issuing a preliminary injunction. The other case cited is that of Egan v. Health Dept., 20 Misc. Rep. 40, 45 N. Y. Supp. 325. That case was decided upon the trial at special term, and the complaint, seeking to restrain the enforcement of such an order as this, was dismissed;

but the dismissal was upon the ground that under the facts shown the premises which were to be vacated were a nuisance, and that the occupancy of the building was dangerous to life and detrimental to health. The case is no authority for the decision that the plaintiff could not maintain this action if there had been no nuisance upon the premises; but, on the contrary, the learned justice expressly lays down the rule that the determination of the board is still open to inquiry in any judicial proceeding, either civil or criminal, in which it may be called in question. It is clear that the courts have jurisdiction of such an action.

There can be no doubt that the plaintiff has set up in this complaint an equitable cause of action, and that upon the facts stated he has not an adequate remedy at law. His tenants have been removed from this building, and he has lost the rents which he was receiving from them. This loss is a continuous one. In any action at law to recover damages he could only have such damages as he had sustained up to the commencement of the action. Another suit would have to be commenced for any future damages, and so just as long as the trespass continued, until at the end of six months it is probable that under the provisions of the statute his right to maintain any action would cease. The principle is well settled that where the complete relief of the plaintiff would require a multiplicity of suits, as in this case, he may bring his action in equity to restrain the trespass which lies at the base of his right to bring actions, and thus dispose of all the litigation in one action. 1 Pom. Eq. Jur. §§ 243, 245, et seq., 252; Corning v. Nail Factory, 40 N. Y. 191. In the case last cited it was held, not only that the plaintiff could obtain complete relief in equity, but that he was entitled to a mandatory injunction, if necessary to give him such relief; and it was further held that he was not required to establish his right in an action at law before proceeding into equity to apply for relief. The case is precisely in point, and establishes beyond question the right of the plaintiff to maintain this action which he has brought. The third paragraph of the answer, constituting a separate defense, is therefore not sufficient, and the plaintiff was entitled to judgment upon his demurrer to that defense.

By section 599 of the consolidation act it is provided that no member of the board of health shall be sued or held to liability for any act done by him in good faith, and with ordinary discretion, pursuant to the regulations and ordinances of the board, or the health laws, but the action for damages is in all cases to be had against the board of health itself, as a body. The fourth defense in the answer is evidently pleaded for the benefit of the individual defendants, and to bring them within the provisions of this section of the statute, and thereby relieve them from a judgment for damages against them. It is only effectual to that extent,—to mitigate or take away the damages to which they might otherwise be subjected by reason of the acts which have been done, if such acts were beyond the authority of the board. But it is not pleaded for any such purpose. Upon the face of it, it purports to be a complete defense to the action as to all the defendants, and not one which goes simply to the mitigation of

damages as to some of the defendants.　Unless a pleading is expressly interposed as a partial defense, it must be assumed to be pleaded as a complete defense, and upon demurrer it must be tested upon that assumption.　Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. Thus tested, this pleading is clearly bad.　If all the facts alleged in it be admitted, they would simply go to the question of damages as to individual defendants, and would be of no weight whatever to show that the plaintiff had no right to the equitable relief which he demanded against all the defendants, or the relief for damages against the board of health, but it would only tend to relieve the individual defendants from the judgment for damages against them.　For this reason the demurrer to this defense, also, was well taken, and the plaintiff should have judgment upon it.

The judgment, therefore, of the special term must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to amend their answer as they may be advised, upon payment of costs.　All concur.

---

(21 Misc. Rep. 474.)

### MANASHA v. ROYAL BEN. SOC.

(Supreme Court, Appellate Term.　October 28, 1897.)

**1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.**
　　Upon an appeal from an affirmance by the general term of the city court of a judgment entered upon a verdict, in considering whether there was any evidence upon which the jury could find in favor of respondent, all such evidence as appeared in contradiction must be disregarded.

**2. MALICIOUS PROSECUTION—MALICE IN LAW.**
　　Where money has come rightfully into an employé's hands, and the employer, who knows this fact, and who has refused him an opportunity to account, prefers a charge of larceny against him, the facts are, at the least, evidence of malice in law.

**3. SAME—LIABILITY OF CORPORATION.**
　　A corporation may be held liable for malicious prosecution if the wrong is attributable to it, and is not the mere personal delictum of its representatives.

Appeal from city court of New York, general term.