(89 App. Div. 539.)

### EDMONDS v. STERN et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. CANCELLATION OF CONTRACT—SEPARATE DEFENSE—REMEDY AT LAW.
  Where a contract secured to a publisher the right to publish certain songs in consideration of payment of a royalty to the composer, in an action by the composer for its cancellation on the ground that the publisher had no intention to publish the songs, and had made the agreement to prevent competition with other composers—the action being purely equitable—a separate defense alleging that the composer has an adequate remedy at law is insufficient.

Appeal from Special Term, New York County.

Action by Shepard N. Edmonds against Joseph W. Stern and another. From an interlocutory judgment overruling a demurrer to one of several separate defenses, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles Goldzier, for appellant.
William McArthur, for respondents.

O'BRIEN, J.  The action is one brought for the cancellation of ·certain contracts made between the parties, under which the defendants obtained from the plaintiff, who was an author and composer of songs, the right to publish certain songs, and secured a transfer of such songs under a stipulation to pay plaintiff a royalty for copies of them as they were sold.  It is alleged that the defendants had no intention of publishing the songs, but made the agreement merely for the purpose of preventing plaintiff's competition with other composers; and the relief demanded is that the contracts be canceled, and the defendants be compelled to reassign and return to the plaintiff the manuscripts, songs, and music.  Among other defenses, the ·defendants interposed the following separate defense: "(10) That the plaintiff has an adequate remedy at law for and on account of each and all the matters set forth and alleged in the complaint herein."  The plaintiff demurred to this defense as insufficient, and this appeal is from the judgment overruling that demurrer.

The question presented is not, so far as this court is concerned, a new one; it having been expressly passed upon in Golden v. Health Department, 21 App. Div. 420, 47 N. Y. Supp. 623.  The Appellate Division of the Second Department followed that case, and held that it was controlling, where the same question arose, in Olivella v. N. Y. & H. R. Co., 51 App. Div. 612, 64 N. Y. Supp. 1145.  The opinion ·of the Special Term in this latter case (Olivella v. N. Y. & H. R. Co., supra) will be found in 31 Misc. Rep. 203, 64 N. Y. Supp. 1086, wherein it was held (headnote):

"A separate defense interposed in an action in equity, alleging only a pure ·conclusion of law (i. e., that the plaintiff has an adequate remedy at law), 'consists of new matter,' within the meaning of section 494 of the Code of Civil Procedure, and may properly be demurred to, under that section, upon the ground that it is insufficient in law, upon the face thereof."

These cases are authority for the proposition which has been sustained by both departments, that, to a complaint which is purely equitable in its nature, and in which only equitable relief can be afforded, a defense that the plaintiff has an adequate remedy at law is insuffi- ·cient, and its insufficiency can be raised by demurrer.  This in no way impairs the force and strength of the decisions which hold that where there is doubt, upon the allegations of the complaint, as to whether the action is one at law or one in equity, this doubt is to be solved by the prayer for relief.  O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436.

True, a defendant, in case of doubt, should not be left to the mercy of the plaintiff, and it would be entirely proper to interpose the defense that the plaintiff has an adequate remedy at law, where, from the allegations of the complaint itself, it is uncertain as to what may be the final relief to which, upon the facts, the plaintiff is entitled. In other words, where, from the facts alleged, it is uncertain as to whether the plaintiff is entitled to legal or equitable relief, and the prayer for judgment asks for equitable relief, in such a case the defense that the plaintiff has an adequate remedy at law is proper.  So, too, where it is certain, upon the facts pleaded, and apart from the

prayer for relief, that the plaintiff has only a remedy at law, there it is proper to interpose such a defense to enable the plaintiff to avail himself of that plea. But where, as here, upon an examination of the complaint it is certain, from the facts alleged and the prayer for judgment, that what the plaintiff seeks, and what he is entitled to obtain, if anything, is equitable relief, then in such a case a defense that he has an adequate remedy at law cannot be interposed, because, as a defense, it is insufficient in law.

Our conclusion is that the demurrer was improperly overruled, and that the judgment appealed from should accordingly be reversed, with costs, and the demurrer sustained, with costs, and with leave to the defendant to plead over upon payment of costs in this court and in the court below. All concur.