to the possession of the cards at the time he made demand therefor.   There is a total failure of facts essential to establish a cause of action in conversion.

The judgment and order appealed from must be affirmed, with costs to the respondents.   All concur.

---

(99 App. Div. 504)

FRIEDMAN v. COLUMBIA MACH. WORKS & MALLEABLE IRON CO.

(Supreme Court, Appellate Division, Second Department.   December 15, 1904.)

1. NUISANCE—OPERATION OF IRONWORKS—INJURIES TO ADJOINING PROPERTY.

Where an ironworks was so operated as to jar plaintiff's adjoining dwelling house, and to cause the same to be invaded by smoke, fumes, and soot, materially impairing plaintiff's enjoyment of his premises, such works constituted a nuisance.

2. SAME—DEFENSES.

In a suit to restrain the operation of defendant's. ironworks so as to constitute a nuisance to plaintiff's adjoining property, defendant pleaded as a separate defense that its business was lawful, and of great benefit to the public; that it was rightfully carried on. in a proper place, and in a careful and most improved manner.   Defendant also filed a partial defense alleging that plaintiff, with full knowledge of defendant's works, long after they were constructed and operated by defendant, purchased his premises to compel defendant to purchase the same from plaintiff at an increased price.   *Held*, that such defenses were demurrable.

3. SAME—EQUITY—ADEQUATE REMEDY AT LAW.

Where, in a suit to restrain operation of defendant's ironworks as a nuisance to plaintiff's adjoining property, it appeared that the operation of defendant's works constituted a continuing trespass, plaintiff was entitled to injunctive relief, and hence it was no defense that, as defendants were amply able to respond in damages, plaintiff had an adequate remedy at law.

Appeal from Special Term, Kings County.

Action by Morris Friedman against the Columbia Machine Works & Malleable Iron Company.   From an interlocutory judgment overruling plaintiff's demurrer to two defenses and a partial defense in defendant's answer, plaintiff appeals.   Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Richard Krause, for appellant.
Fred L. Gross, for respondent.

WOODWARD, J.   The complaint in this action alleges that the defendant is a domestic corporation; that the plaintiff is the owner and occupant of a certain dwelling house and its curtilage in the city of New York, and that he has been such owner and occupant since November 6, 1902; that the defendant owns and operates and has owned and operated certain ironworks since the above date; that the defendant, since the date mentioned, has owned and operated four steam hammers, the blows from which jar the said dwelling house and its curtilage, and that the said works have been oper-

¶ 1. See Nuisance, vol. 37, Cent. Dig. §§ 12, 23, 24.

ated in such a manner as to cause smoke, fumes, and soot to come from said works into the said dwelling house and upon its curtilage; that said jarring, smoke, fumes, etc., have been materially impairing the enjoyment of the said premises, etc.; and the plaintiff demands judgment against the defendant, enjoining it from operating the said steam hammers in such manner as to jar the said dwelling house or its curtilage, and from operating the said works in such manner as to cause smoke, fumes, or soot to come therefrom into the said dwelling house, etc., and that the plaintiff recover the sum of $1,000. These facts, if established on the trial, would undoubtedly constitute a nuisance. Roscoe Lumber Co. v. Standard Silica Co., 62 App. Div. 421, 422, 70 N. Y. Supp. 1130, and authority there cited. The defendant, answering, denies all the allegations going to the essence of the cause of action, and sets up "for a first separate and distinct defense thereto" that "the defendant's business or works is lawful, and is a great benefit, utility, and convenience to the public, and is rightfully carried on in a proper, suitable, and convenient place, and in a careful and orderly manner, and in the best and most improved manner." For a second separate and distinct defense thereto the defendant alleges "that it is amply able to respond in damages, and that the plaintiff has an adequate remedy at law." As a partial defense the defendant sets forth, in substance, that the plaintiff, with a full knowledge of the defendant's works, etc., and a long time after such works were constructed and operated by the defendant, purchased the said premises mentioned in the complaint for the purpose of compelling the defendant to purchase the same from the plaintiff at an advanced and increased price.

The plaintiff demurred generally to these two defenses and to the partial defense, and the learned court at Special Term held that the demurrer as to the first defense and as to the partial defense was good, but held that, as the demurrer was general, and the second defense was sufficient in law, the same must be overruled. We are convinced that the court was correct in its view of the first defense and the partial defense, and the only question to be determined here is whether the defense that the defendant is "amply able to respond in damages, and that the plaintiff has an adequate remedy at law," is a good defense to the cause of action set out in the complaint. While the complaint does not allege in direct language that the defendant intends to continue to operate its plant in such a manner as to constitute a nuisance, the prayer for relief assumes this, and the attitude of the defendant in its answer is that it has a right to continue as it has been doing. The action is therefore one of equitable cognizance, as it is a well-recognized principle of equity jurisprudence that a continuing trespass gives ground for injunctive relief to prevent a multiplicity of actions. If the defendant's plant, with its mode of operation, constitutes a nuisance, it gives rise to a new cause of action each day that it is so operated, and the recovery of daily damages is not an adequate remedy for one whose rights of property are continually invaded. The complaint being purely of an equitable nature, and in which only equitable relief

can be afforded, a defense that the plaintiff has an adequate remedy at law is insufficient, and its insufficiency can be raised by demurrer. Edmonds v. Stern, 89 App. Div. 539, 540, 85 N. Y. Supp. 665.

The interlocutory judgment should be modified, with costs, and the demurrer sustained, without costs.   All concur.