defense included the demand that the defendant was entitled to credit on this note for the sum of $12,000 which he had agreed to pay for the purchase of the Piano Company stock. Upon a new trial, the plaintiff would have the right to meet the defendant's testimony as to the sale of this stock.

My conclusion is that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff will stipulate to reduce the amount of the judgment by $12,000, with interest from October 8, 1909, in which event the judgment, as so modified, and the order appealed from, will be affirmed, without costs of this appeal.

CLARKE, SCOTT, and MILLER, JJ., concur.

DOWLING, J. I dissent, in so far as a reversal is directed unless plaintiff elects to accept a reduction of the judgment in the sum of $12,000, with interest, and am in favor of the affirmance of the judgment.

---

(153 App. Div. 638.)

WARD et al. v. CHELSEA EXCH. BANK.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. PLEADING (§ 194*)—PARTIAL DEFENSES—DEMURRER.

A special defense to an equitable action for the recovery of property of a lunatic, which on its face shows that it applies only to part of the property mentioned in the complaint, when not described as a partial defense, as required by Code Civ. Proc. § 508, is subject to demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444–446, 449–452; Dec. Dig. § 194.*]

2. PLEADING (§ 194*)—AFFIRMATIVE DEFENSES.

Where the complaint sets forth an equitable cause of action, the relief demanded being obtainable only in equity, a special defense, merely alleging that plaintiffs have a full, adequate, and complete remedy at law for any and all of the matters alleged in the complaint, is subject to demurrer, because admitting all the facts in the complaint and not setting up new facts in avoidance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444–446, 449–452; Dec. Dig. § 194.*]

Appeal from Special Term, New York County.

Action by Anna Day Ward and another, as the committee of William R. Ward, against the Chelsea Exchange Bank. From a judgment overruling demurrers to the answer, plaintiffs appeal. Reversed and remanded.

See, also, 149 App. Div. 948, 134 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Johnston & Johnston, of New York City (Lewis Johnston, of New York City, of counsel), for appellants.

Shaw, Fisk & Shaw, of New York City (W. W. Shaw, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. The plaintiffs are the committee of all the property within this state of William R. Ward, an incompetent person. The complaint alleges: That a commission in the nature of a writ de lunatico inquirendo was duly issued by the Court of Chancery of the state of New Jersey, December 28, 1907, to inquire into the lunacy of William R. Ward. That upon inquisition and by the jurors it was duly found that said Ward was at the time of taking said inquiry a lunatic and of unsound mind, and did not enjoy lucid intervals, so that he was not sufficient for or capable of the government of himself, his lands and tenements, goods and chattels, and that he had been in that same state of lunacy and unsoundness of mind from at least the 1st day of May, 1904. That said proceedings were duly confirmed, and that plaintiffs were appointed a committee and duly qualified. That they were subsequently duly appointed a committee of all the property within this state of said Ward. That said Ward is the owner of certain described bonds and stocks, of which the plaintiffs are entitled to possession by virtue of a special property therein arising out of their appointment as committee. That at divers times during the year 1907 the defendant obtained possession from said Ward of said chattels. That plaintiffs have duly demanded said chattels, but defendant refused to deliver the same, alleging it had received them from Ward during 1907, at a time when he was a depositor with it, as security for money claimed to have been advanced upon promissory notes claimed to have been signed by said Ward and promissory notes claimed to have been indorsed as accommodation indorser by said Ward, and at the time or times defendant claims the said Ward made or indorsed said notes, and the same were delivered to defendant, Ward was a lunatic and incompetent person, and that neither he nor his estate, nor have the plaintiffs, received any consideration or benefit from the alleged making or alleged indorsing or alleged delivery of the said notes from defendant or any other person. That these plaintiffs are willing to return, and hereby offer to return, any consideration or benefit that the defendant can establish moved to the said Ward or his estate. That the defendant also received, between the 11th day of November, 1906, and the 1st day of December, 1907, when the said Ward was a depositor and such lunatic, other bonds and certificates of stock besides those described in paragraph 3, without any consideration or benefit to said Ward or to his estate. These plaintiffs do not know what were such bonds and certificates of stock, and have no means of ascertaining what they were, unless said defendant be compelled to account herein therefor. That between December 11, 1906, and December 1, 1907, defendant also received certain shares of stock, set forth, as alleged security for money claimed to have been advanced to said Ward upon promissory notes claimed to have been signed by him. That he was such lunatic and incompetent person when the said defendant so received them from him. That neither the said lunatic nor his estate has received any consideration or benefit from such chattels. That said defendant has sold and disposed of the said chattels, receiving therefor divers sums of money, the amounts of which these plaintiffs do not know and have

no way of ascertaining, except that defendant account herein therefor. That during the time that defendant held said chattels mentioned and described in the paragraphs 3, 8, and 9 of the complaint, said defendant collected certain of the coupons attached to the bonds therein mentioned, but how much and what coupons these plaintiffs do not know and have no means of ascertaining, except the defendant account therefor. That between January 28, 1907, and August 12, 1907, and while said Ward was such lunatic, the said defendant received divers sums of money (setting forth 17 separate transactions, aggregating $170,590.49), and divers other sums, the amount of which the plaintiffs do not know, and that neither Ward nor his estate have received the benefit of or consideration therefor. That the plaintiffs have duly demanded that the defendant account for the moneys received and the amounts realized from the sale of the chattels received by it, that it has sold or disposed of, and for the coupons or amounts realized from the coupons and bonds aforesaid, but that the defendant has refused to account therefor. Plaintiffs have demanded that defendant return several chattels mentioned in the third paragraph, which are almost all securities local in character and with a very narrow market, which cannot be disposed of at anywhere near their actual value, except under favorable conditions, in small amounts, to persons knowing the business of the company issuing them, and interested in securities of that character. That each of the certificates of stock mentioned stands on the books of the companies mentioned in the name of said Ward, and that each of the certificates now held by defendant has a power of attorney either indorsed thereon or annexed thereto, purporting to be signed by said Ward, which was executed at a time when he was a lunatic and incompetent person. That the said Ward is well known to those persons likely to become purchasers of said securities to be a lunatic, and to have been a lunatic at each and all of the times heretofore mentioned. That the sale of such securities held by the defendant is bound to result in irreparable loss, and the actual value of the securities cannot possibly be realized on any sale of the defendant, and the value of the chattels will not be under such circumstances ascertained by a sale.

The complaint further sets up that these plaintiffs had commenced an action in replevin to recover the chattels described in the third paragraph of the complaint, but had failed to obtain possession thereof, and that the defendant, prior to the commencement of this action, had given notice that it would sell the chattels described in paragraph 3 at public auction, and threatens, and is now threatening, to sell such securities. The complaint demands judgment decreeing whether there was any consideration or benefit moving to said Ward or his estate from the said defendant for the promissory notes or for the pledge of the several securities as aforesaid, and, if the court determines there was not such consideration or benefit, that it adjudge said notes null and void as to said Ward and delivered up to the court for cancellation; that the plaintiffs are entitled to the possession of the chattels mentioned in paragraph third; that the defendant account for all coupons, and the bonds therein mentioned, realized on by it; that it

account for all sales, or moneys received on sales, of any chattels received by it from said Ward while such lunatic and incompetent person, and account to it; and that it be restrained from selling or otherwise disposing of any chattels or securities, or selling or transferring any of the said promissory notes, pending the determination of the action.

In its amended answer, for a further third separate and distinct defense, the defendant alleged that the plaintiffs herein, prior to the commencement of this action, and on or about the 27th day of November, 1911, commenced an action in the New York Supreme Court, New York county, wherein these plaintiffs are plaintiffs and this defendant is the defendant, which said action was an action in replevin, and in which the plaintiffs claim title and right to possession of the chattels mentioned and described in paragraph third of the complaint herein; that with knowledge of all the facts in connection with this action, and said chattels, the plaintiffs have duly elected to proceed at law in said replevin action, and cannot now, after such election, bring this action in equity. The defendant, further answering the amended complaint, for a further fourth and separate and distinct defense, alleges that the plaintiffs herein have a full, adequate, and complete remedy at law for any and all the matters alleged in the complaint in this action brought by them in equity. To these two defenses the plaintiffs interposed demurrers, on the grounds that the same were insufficient in law upon the face thereof. The said demurrers having been overruled, plaintiffs appeal.

[1] The third defense, that the plaintiffs have instituted an action for replevin, and therefore have duly elected to proceed at law, and cannot, after such election, bring this action in equity, is not alleged to be a partial defense. That it is a partial defense to the cause of action set up in the complaint, if any defense at all, is apparent. Its statement as to the replevin action is limited. It is that such action was brought under a claim of title and right to possession of the chattels mentioned and described in paragraph 3 of the complaint herein. The complaint covers many other matters besides the chattels mentioned and described in said paragraph. This defense cannot, upon demurrer, be treated and tested as a partial defense, because it is not alleged to be a partial defense in accordance with the provisions of section 508 of the Code of Civil Procedure. As a complete defense it is insufficient in law upon the face thereof.

[2] The demurrer to the fourth separate and distinct defense should also have been sustained. This complaint is in equity. The relief demanded is that which can only be administered by a court of equity in an equitable action. In Golden v. Health Department, 21 App. Div. 420, 47 N. Y. Supp. 623, there was a demurrer to a defense of adequate remedy at law. Mr. Justice Rumsey said:

"Neither of these defenses contains any general or special denial, but each one is confined simply to the statement of new matter which is relied upon to constitute a defense. In such a case, when a demurrer is interposed to an affirmative defense, consisting of new matter entirely and containing no denial, all the allegations of the complaint are admitted for the purposes of the demurrer, as though the defense demurred to was only the defense set up in

the answer. * * * There can be no doubt that the plaintiff has set up in this complaint an equitable cause of action, and that upon the facts stated he has not an adequate remedy at law. * * * The third paragraph of the answer, constituting a separate defense, is therefore not sufficient, and the plaintiff was entitled to judgment upon his demurrer to that defense."

Edmonds v. Stern, 89 App. Div. 539, 85 N. Y. Supp. 665, was an action for the cancellation of certain contracts. Among other defenses the answer set up that the plaintiff has an adequate remedy at law, which was demurred to as insufficient. Mr. Justice O'Brien said:

"The question is not, so far as this court is concerned, a new one; it having been expressly passed upon in Golden v. Health Department, 21 App. Div. 420, 47 N. Y. Supp. 623. The Appellate Division of the Second Department followed that case, and held that it was controlling, where the same question arose in Olivella v. N. Y. & H. R. R. Co., 51 App. Div. 612, 64 N. Y. Supp. 1145. The opinion of the Special Term in this latter case will be found in 31 Misc. Rep. 203, 64 N. Y. Supp. 1086, where it was held (head-note): 'A separate defense, interposed in an action in equity, alleging only a pure conclusion of law (i. e., that the plaintiff has an adequate remedy at law), consists of new matter within the meaning of section 494 of the Code of Civil Procedure, and may properly be demurred to under that section, upon the ground that it is insufficient in law upon the face thereof.' These cases are authority for the proposition, which has been sustained by both departments, that to a complaint which is purely equitable in its nature, and in which only equitable relief can be afforded, a defense that the plaintiff has an adequate remedy at law is insufficient, and its insufficiency can be raised by demurrer."

This was followed in Friedman v. Columbia Machine Works, 99 App. Div 504, 91 N. Y. Supp. 129.

In Holland v. Grote, 193 N. Y. 262, 86 N. E. 30, Hiscock, J., said:

"The second defense, that the plaintiff has an adequate and complete remedy at law, is likewise insufficient. In the absence of other allegations, this answer must be construed and interpreted by reference to the material allegations of the complaint as they stand. It does not allege any additional facts showing that an adequate remedy at law does exist, but simply asserts that on the complaint as framed such remedy does exist. An inspection of the complaint shows that on the material and substantial facts as there alleged the plaintiff must necessarily resort to equity, and cannot secure sufficient relief elsewhere. Unless he completely changes his cause of action, he must seek equitable relief."

The interlocutory judgment sustaining plaintiff's demurrer was affirmed.

It follows, therefore, that the order appealed from, overruling the demurrers to the third and fourth defenses should be reversed, with costs and disbursements to the appellants, and that said demurrers be sustained, with costs, with leave to defendant to amend his answer within 20 days, on payment of costs in this court and in the court below. All concur.