Cʟᴀʀᴋᴇ, P. J., Mᴇʀʀᴇʟʟ, Fɪɴᴄʜ and Bᴜʀʀ, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

---

Hᴀʀʀɪs B. MᴄKᴇɴᴢɪᴇ, Appellant, *v.* Wᴀᴘᴘʟᴇʀ Eʟᴇᴄᴛʀɪᴄ Cᴏᴍᴘᴀɴʏ, Iɴᴄ., and Others, Respondents.

First Department, January 15, 1926.

Equity — adequate remedy at law — action to secure shares of stock and for accounting of dividends — stock belonging to plaintiff was issued to trustee who caused shares to be issued to others who, in turn, received shares of defendant corporation when it acquired property of former corporation — plaintiff has no adequate remedy at law — concurrent remedy at law not adequate — limitation of actions — trustee is charged with constructive fraud — six-year Statute of Limitations not applicable.

The defense that the plaintiff has an adequate remedy at law in this action to secure certain shares of stock or their equivalent, and for an accounting of

dividends, cannot be sustained, since it appears that originally shares of a merging corporation were issued to a named person as trustee for the plaintiff; that the trustee continued for a number of years to represent to the plaintiff the necessity for keeping the shares in trust and said trustee later caused the shares to be transferred to several persons who, in turn, received from the defendant corporation, when it acquired the property and assets of the former corporation, shares of stock representing the interest in the former corporation.

The plaintiff resorts to equity not only to obtain an accounting, but also to follow the stock which was placed in the hands of the trustee and which subsequently was issued to various persons, and the concurrent remedy at law by an action for conversion is not adequate, since the plaintiff is entitled to the shares of stock originally issued to the trustee or those issued by the defendant corporation representing the original shares, and to an accounting for dividends paid on the stock.

Since the plaintiff does not have an adequate concurrent remedy at law, and since the complaint does not charge the trustee with actual fraud in procuring the original certificates but charges merely constructive fraud, the six-year Statute of Limitations does not apply.

Appeal by the plaintiff, Harris B. McKenzie, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of March, 1925, in so far as it denies plaintiff's motion to strike out certain defenses interposed by the defendants, setting up the six-year Statute of Limitations and that plaintiff has an adequate remedy at law.

*Samuel Conrad Cohen* [*A. Lincoln Lavine* with him on the brief], for the appellant.

*Katz & Sommerich* [*Otto C. Sommerich* of counsel; *Maxwell C. Katz* with him on the brief], for the respondents.

*Davis, Wagner, Heater & Holton* [*Charles R. Coulter* of counsel; *Guy C. Heater* with him on the brief], for the respondent R. H. Wappler.

Martin, J. The complaint alleges that the plaintiff was the owner of one-third of the capital stock of the Synchronous Manufacturing Company, the remaining stock of that company being owned by one Wilson W. Hoag; that the Wappler Electric Manufacturing Company of New York was formed by the merger of the Synchronous Manufacturing Company and another New York corporation, the Wappler Electric Controller Company, the Wappler Electric Manufacturing Company having issued its common stock in exchange for the assets of both the Synchronous Manufacturing Company and the Wappler Electric Controller Company; that the defendant Wappler Electric Company, Inc., took over the assets of the Wappler Electric Manufacturing Company in about

22

the year 1916; that in and by the arrangements to take over the assets of said Synchronous Company and of said Controller Company by the Wappler Electric Manufacturing Company, it was agreed that the shares of said manufacturing company's stock going to the stockholders of the Synchronous Manufacturing Company should be held by Wilson W. Hoag, in part for and on his own behalf and in part as trustee for and on behalf of the other stockholders, in this case representing the plaintiff; that thereupon the manufacturing company on or about November 20, 1911, issued its certificate of stock to Wilson W. Hoag, as trustee, for 960 shares of the common stock of the manufacturing company, and he, being president of the manufacturing company, induced the plaintiff to permit the said certificate so to remain in the name of Wilson W. Hoag, as trustee, upon the representation by said Hoag that it " should be so held in order to facilitate the proper financing of the Wappler Electric Manufacturing Company."

The complaint further alleges that thereafter and during the years 1911 and 1912 Hoag did further represent to this plaintiff the necessity for permitting his stockholding to remain, issued as aforesaid, in the name of Hoag as trustee, for the purpose of permitting the proper financing of said manufacturing company, " and this plaintiff was induced thereby to permit the said certificate of stock so to remain in the name of Wilson W. Hoag; " that for several years plaintiff endeavored to ascertain the whereabouts and disposition of his stockholdings, but was unable to ascertain the same; that thereafter and during the year 1912 Hoag died, and it *was not until the year 1920* that plaintiff learned, on examining into a transfer tax proceeding, that Hoag had caused the certificate held by him as trustee to be returned to the Wappler Electric Manufacturing Company and had caused to be issued in exchange therefor several certificates, one for 600 shares of the common stock of the Wappler Electric Manufacturing Company to the defendant Rheinhold Wappler, one for 300 shares to the defendant Frederick H. Wappler, and another for 60 shares to the defendant Charles Fayer; that the plaintiff further learned that, simultaneously with the issuance of the certificates for common stock, as aforesaid, there was issued a certificate for 960 shares of preferred stock of the Wappler Electric Manufacturing Company to Theresa Hoag, wife of the aforesaid Wilson W. Hoag; that after such distribution of the aforesaid common stock a new corporation was organized, the Wappler Electric Company, Inc., and, in place of the said shares of common stock, there were issued shares of the stock of the defendant Wappler Electric Company, Inc.; that upon learning the facts plaintiff immediately made demand upon

the defendant Wappler Electric Company, Inc., as well as upon the individual defendants Rheinhold Wappler, Frederick H. Wappler and Charles Fayer, for the return of the certificates referred to, and that there be issued to him common stock of the Wappler Electric Manufacturing Company or the equivalent thereof in its successor, the Wappler Electric Company, Inc.; and that large profits have been earned by the manufacturing company and its said successor, the defendant Wappler Electric Company, Inc.

The answer of each of the defendants Wappler Electric Company, Inc., Frederick H. Wappler and Charles Fayer was amended so as to add an additional paragraph setting up ten-year periods of limitation. The notice of motion does not relate to this paragraph, and it is not before us for consideration.

The original complaint, against the defendant Rheinhold Wappler, was held good against a demurrer. (See *McKenzie* v. *Wappler*, 200 App. Div. 865.) Subsequently the other defendants were brought in and plaintiff's present pleading was served.

The defendants interposed defenses that " this action was not commenced within six (6) years from the time when the cause of action alleged in the complaint accrued, or within six (6) years from the time when the plaintiff had actual knowledge of the facts upon which his alleged right to make the demand alleged in the complaint depends, and upon which his alleged cause of action depends."

The question on this appeal is whether the defense to the effect that there is an adequate remedy at law and the defense setting up the six-year Statute of Limitations are properly pleadable to the cause of action which the complaint purports to set forth.

This is an action in equity and the relief demanded is such that it could not be obtained in an action at law. The prayer of the complaint is for an accounting of all dividends or income paid on the 960 shares of the Wappler Electric Manufacturing Company and on the corresponding stock of the Wappler Electric Company, Inc.; that the defendants cause to be transferred to plaintiff said 960 shares of the manufacturing company or its stock equivalent in the Wappler Electric Company, Inc.; and that dividends as shown on the accounting be paid to plaintiff.

In *Treadwell* v. *Clark* (190 N. Y. 51) the court said: " His right to maintain an equitable action is questioned and it is argued that his remedy was at law, by a possessory action, or by an action for damages for conversion. * * * An equitable action is proper where special grounds appear. * * * In the first place, it was necessary that there should be an accounting, in order to ascertain the amount of the plaintiff's indebtedness, for which the stock had

been pledged. * * * In the next place, while Clark held the certificate of stock, he did not own the debt for which it had been pledged and if he had not acquired the stock in good faith and was not entitled to retain it, he was bound to account for the dividends and profits which he had received upon it. Further, if the plaintiff's title had never been divested, he was entitled to have back the stock itself. He had the right to have his investment and could not be remitted to a judgment for damages against Clark."

In *Falk* v. *Hoffman* (233 N. Y. 199) it was said: " We think that equity will intervene to declare the wrongdoers trustees (*Hammond* v. *Pennock*, 61 N. Y. 145, 146; *Newton* v. *Porter*, 69 N. Y. 133; *Lightfoot* v. *Davis*, 198 N. Y. 261). Some remedy at law there is. It is not so complete or effective as the remedy in equity (*Kilbourn* v. *Sunderland*, 130 U. S. 505). Suing at law, the plaintiff would be restricted to the value of his shares, if he rescinded (*Rothschild* v. *Mack*, 115 N. Y. 1, 8), or to the difference between the value and par (the amount paid to him by the defendants), if he affirmed (*Reno* v. *Bull*, 226 N. Y. 546). Suing in equity, he may reach the proceeds of the resale, securities and cash, though the price upon resale is found to be greater than the value (*Hammond* v. *Pennock, supra*)."

The plaintiff resorts to equity not only to obtain an accounting but also to follow the stock which was placed in the hands of the trustee, stock having been issued for it to various persons.

As it appears on the face of the complaint that the plaintiff has not an adequate remedy at law, and as the defenses set up no facts to show the contrary, they are insufficient.

In *Ward* v. *Chelsea Exchange Bank* (153 App. Div. 638, 643) the court said: " The demurrer to the fourth separate and distinct defense should also have been sustained. This complaint is in equity; the relief demanded is that which can only be administered by a court of equity in an equitable action. In *Golden* v. *Health Department* (21 App. Div. 420) there was a demurrer to a defense of adequate remedy at law. Mr. Justice Rumsey said: ' Neither of these defenses contains any general or special denial, but each one is confined simply to the statement of new matter which is relied upon to constitute a defense. In such a case, where a demurrer is interposed to an affirmative defense consisting of new matter entirely and containing no denial, all the allegations of the complaint are admitted for the purposes of the demurrer, as though the defense demurred to was only the defense set up in the answer. * * * There can be no doubt that the plaintiff has set up in this complaint an equitable cause of action, and that upon the

facts stated he has not an adequate remedy at law. * * * The 3d paragraph of the answer, constituting a separate defense, is, therefore, not sufficient, and the plaintiff was entitled to judgment upon his demurrer to that defense.'

" *Edmonds* v. *Stern* (89 App. Div. 539) was an action for the cancellation of certain contracts. Among other defenses the answer set up that the plaintiff has an adequate remedy at law which was demurred to as insufficient. Mr. Justice O'Brien said: ' The question presented is not, so far as this court is concerned, a new one, it having been expressly passed upon in *Golden* v. *Health Department* (21 App. Div. 420). The Appellate Division of the Second Department followed that case and held that it was controlling where the same question arose in *Olivella* v. *N. Y. & H. R. R. Co.* (51 App. Div. 612). The opinion of the Special Term in this latter case * * * will be found in 31 Miscellaneous Reports, 203, wherein it was held (headnote), " A separate defense, interposed in an action in equity, alleging only a pure conclusion of law, *i. e.,* that the plaintiff has an adequate remedy at law, ' consists of new matter ' within the meaning of section 494 of the Code of Civil Procedure,* and may properly be demurred to under that section upon the ground that it is insufficient in law upon the face thereof." These cases are authority for the proposition which has been sustained by both departments, that to a complaint which is purely equitable in its nature and in which only equitable relief can be afforded, a defense that the plaintiff has an adequate remedy at law is insufficient and its insufficiency can be raised by demurrer.' This was followed in *Friedman* v. *Columbia Machine Works* (99 App. Div. 504).

" In *Holland* v. *Grote* (193 N. Y. 262), Hiscock, J., said: ' The second defense " that the plaintiff has an adequate and complete remedy at law " likewise is insufficient. In the absence of other allegations this answer must be construed and interpreted by reference to the material allegations of the complaint as they stand. It does not allege any additional facts showing that an adequate remedy at law does exist, but simply asserts that on the complaint as framed such remedy does exist. An inspection of the complaint shows that on the material and substantial facts as there alleged the plaintiff must necessarily resort to equity and cannot secure sufficient relief elsewhere; unless he completely changes his cause of action he must seek equitable relief.' "

We also believe that there is no concurrent remedy at law such as would lead us to hold that a Statute of Limitations barring an

---

* See Civ. Prac. Act, § 277; Rules Civ. Prac. rule 109, subd. 6.—[Rep.

action at law is applicable to the cause of action in equity set up on the theory that plaintiff has merely taken a choice of adequate remedies, the one at law and the other in equity. (*Borst* v. *Corey*, 15 N. Y. 505.) The respondents argued that an action in conversion would lie on the facts alleged. That would not be a remedy as adequate to plaintiff as the one he is seeking to enforce. It is sufficient in this connection to note that an action at law would not enable him to follow his stock or its proceeds, it would leave him without stock in any of the corporations, it would not be as effectual in ascertaining or following the dividends or income, and it is questionable whether all the defendants would properly be parties to any one action at law.

In *Minion* v. *Warner* (238 N. Y. 413, 418), cited by respondents, reference was made to a possible situation in which payment of a balance on a running account might be demanded at any time. Here plaintiff's cause of action is primarily to follow the property. The income is incidental. Moreover the obligation to account sought to be enforced is one imposed by law with no basis of express agreement, an interlocutory judgment for an accounting being practically essential to establish what is due from the several defendants.

Furthermore, it is to be noted that the complaint does not allege that the representations made by Wilson W. Hoag were false. Actual deception of plaintiff by representations false when made is not indicated. Constructive fraud rather than actual fraud is plaintiff's reliance.

As pointed out by Mr. Justice Lehman in *Hart* v. *Goadby* (72 Misc. 232) the six-year statute does not apply to a cause of action in equity based on constructive fraud.

The personal representative of Wilson W. Hoag is not a party to this action. The complaint alleges that " for several years plaintiff endeavored to ascertain from the defendant Wappler Electric Manufacturing Company the whereabouts and disposition of his stock holdings, but was unable to obtain any information thereon." However, it is not alleged that Wilson W. Hoag obtained his stock by false representations or by deception, and the complaint is not to the effect that the manufacturing company has been made a party because plaintiff is making a claim against it for actual fraud. Manifestly it is a necessary party because it issued the stock placed in trust with Wilson W. Hoag, the plaintiff's property, which he is endeavoring to follow through its successive forms, as well as the stock issued therefor to the defendants other than the corporate defendant.

The order so far as appealed from should be reversed, with ten

dollars costs and disbursements, and the motion granted in all respects, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.