Topken, Loring & Schwartz, Inc., Appellant, v. Julius L. Schwartz, Respondent.

First Department, March 30, 1928.

**Corporations — stock — agreement by employee to purchase stock and resell on termination of employment is specifically enforced.**

As a condition of the employment of the defendant by the plaintiff, defendant was required to purchase a given number of shares of the plaintiff's stock under an agreement that upon the termination of the employment the defendant would resell the shares to the plaintiff at the actual book value, exclusive of

good will. The employment was terminated and the defendant refused to abide by his contract. It appears that the stock has no actual book value and the plaintiff seeks to have the stock transferred to it but does not ask for money damages.

While as a result of the condition of the corporation the stock has become worthless and the defendant will lose his investment if compelled to transfer the stock, still the contract may be specifically enforced and it cannot be held that it is inequitable on that ground alone. Even though the stock is worthless from a financial standpoint nevertheless it may be valuable to the plaintiff as a means of retaining stock control of the corporation. Even though the stock has no market value, an action in equity is the proper remedy to compel its transfer to one entitled thereto. It was error for the court to dismiss the complaint.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 23d day of July, 1927, and also from a judgment entered thereon on the 28th day of July, 1927.

*Albert A. Friedlander*, for the appellant.

*Jonas J. Shapiro* of counsel [*Alexander Lindey* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for the respondent.

MARTIN, J. On or about June 1, 1922, the plaintiff, then known as the Loring Glove Co., Inc., entered into a written agreement with the defendant by which he purchased 114 shares of its capital stock at par, $11,400. At the same time defendant entered into plaintiff's employment under a separate agreement. The defendant was also given an option to purchase for cash and at par additional shares up to twenty per centum of the plaintiff's total capital stock. The option was exercised to the extent of 38 shares, so that plaintiff prior to the termination of the employment had issued 152 shares to the defendant, for which he paid the sum of $15,200.

The agreement for the sale of the stock provided against the contingency that might arise if the defendant decided to terminate the employment, in the following manner: " 4. The party of the first part [plaintiff] does hereby agree to purchase from the party of the second part [defendant] and the party of the second part does hereby agree to sell to the party of the first part, any and all shares of the capital stock of the party of the first part which may be held by the party of the second part at the end of the period of employment of the party of the second part by the party of the first part under agreement dated the 1st day of June, 1922, or any other due and proper termination thereof, at the actual book value of the said shares at the time of purchase and sale under the terms of this paragraph, exclusive of any good will."

First Department, March, 1928.    [Vol. 223

The complaint sets forth that on June 1, 1927, the defendant's employment was properly and fully terminated. The complaint then alleges that on or about June 11, 1927, "plaintiff demanded of the defendant the transfer and delivery to it" of the 152 shares of the stock; and that the defendant refused to make the transfer. It is also alleged that the shares have "no actual book value" and have "no actual market value;" that the plaintiff has no adequate remedy at law, and that the defendant threatens to dispose of the stock.

On the basis of these allegations the plaintiff prays that it be declared to be the owner of the stock; that defendant be ordered to "transfer, deliver and assign" it, and for an injunction against him. No money damages are sought. The defendant says that the plaintiff would have a court of equity require him to make a gift to it of stock for which he paid it $15,200.

The complaint was dismissed for insufficiency and on the additional ground that it appears on its face that the plaintiff has an adequate remedy at law.

The Special Term overlooked the fact that the plaintiff is seeking to enforce rights given by a contract collateral to a contract of employment; and that when the employment ceased, defendant was bound to sell and transfer the stock to the plaintiff at the book value "exclusive of any good will." The corporation stipulated that if the defendant was permitted to hold stock, he must return it for its book value when no longer employed. It was also agreed that plaintiff must purchase the shares on the agreed terms.

The agreement may not be inequitable when the time of the making thereof and the surrounding circumstances are taken into consideration. The fact that it has become a hard one because of changing events is not necessarily a ground for failure to enforce it.

The court at Special Term held that to enforce such a contract would be inequitable. That will depend on the facts proved. We have not heard the testimony. If the defendant is able to establish that any wrong has been done or any misrepresentation made, or that the contract is inequitable, he is not without a remedy.

The defendant also says it would be a useless procedure to compel him to transfer worthless stock. This, however, takes no account of the terms of the agreement excluding good will in the calculation of book value. In any event the business may have prospects which it is desirable to develop. Again, the stock may be valuable in so far as it will help plaintiff to control the affairs of the corporation as against other persons.

Even though stock has no market value, an action in equity is the proper remedy to compel its transfer to one entitled to such transfer. (*Waddle* v. *Cabana*, 220 N. Y. 18; *Mc Kenzie* v. *Wappler Electric Co., Inc.*, 215 App. Div. 336; *Falk* v. *Hoffman*, 233 N. Y. 199.)

Here no money damage can be given. The only remedy the plaintiff has is an action in equity to enforce compliance with the terms of the contract.

The judgment and order should be reversed, with costs, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

Dowling, P. J., Merrell, O'Malley and Proskauer, JJ., concur.

Judgment and order reversed, with costs of this appeal to appellant, and motion to dismiss complaint denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order with notice of entry thereof upon payment of said costs.