GEORGE L. SANBORN, Respondent, *v.* JACOB AMRON and Another, Appellants.

First Department, April 19, 1929.

*William H. Chorosh* of counsel [*William H. Chorosh* and *Benjamin Shapiro*, attorneys], for the appellants.

*Arthur C. Mandel*, for the respondent.

MERRELL, J. Plaintiff, in his complaint, alleges two causes of action. In his first cause of action the plaintiff alleges that on or about March 31, 1927, the plaintiff entered into an agreement with defendants for the sale by plaintiff to defendants of the entire capital stock of the Hudson Operating Company, which was then held or owned by the Flanders Holding Corporation, and which stock was the property of the plaintiff, subject, however, to the rights of one Robert E. Adolph under certain contracts between said Adolph and said Flanders Holding Corporation, and that the defendants then and there agreed to pay for such stock to the plaintiff the gross sum of $165,000. Plaintiff alleges that no part thereof has been paid, excepting the sum of $145,000, leaving a balance due and owing from defendants to plaintiff of $20,000; that due demand for the payment of said balance had been made of the defendants, and that no part thereof had been paid, and that there was due and owing from defendants to plaintiff the said sum of $20,000, with interest from March 31, 1927.

For a second cause of action plaintiff alleges that on or about March 31, 1927, the accounts, disputes and differences between plaintiff and defendants arising out of the assignment and transfer of said stock by plaintiff to the defendants were settled, adjusted and compromised and their mutual and several accounts were stated and adjusted, and that it was then and there agreed by defendants that they were justly indebted and that there was justly due and owing by them to plaintiff the sum of $25,000; that no part thereof has been paid, except the sum of $5,000, leaving a balance plaintiff's due of $20,000; that due demand for the payment of said balance had been made, but that no part thereof had been paid, and that a balance of $20,000, with interest thereon from March 31, 1927, was due and owing from defendants

to plaintiff. On these allegations plaintiff demands judgment for $20,000, with interest from March 31, 1927, besides the costs and disbursements of the action.

The defendants answered separately, each denying each and every allegation of the plaintiff's complaint. Thereupon plaintiff moved the court, pursuant to rule 113 of the Rules of Civil Practice, to strike out the answers of the defendants as sham and for judgment in plaintiff's favor for the relief demanded in the complaint. Upon the motion of the plaintiff affidavits in support of said motion and in opposition thereto were presented by the respective parties. These affidavits convince us that the answers of the defendants raised issues of fact, and that said answers were interposed in good faith.

The controversy herein arose upon a contract entered into between the parties under date of March 23, 1927. The contract was in the form of a written offer signed by one William H. Chorosh, the present attorney for the defendant, appellant, Amron, and who then represented both of the appellants, and which letter was addressed to the respondent. The written offer was in the following form:

" WILLIAM H. CHOROSH          1451 Broadway
       " Attorney at Law                  New York
" BENJAMIN SHAPIRO
               " Telephone Number
               " Wisconsin 9870
         " Cable Address 'Wilchoros'
                              " *March 23rd*, 1927.

" Mr. GEORGE L. SANBORN,
       " 135 West 47th Street,
                " New York City:

" DEAR SIR.— Mr. William E. Woodman handed my clients, Messrs. Jacob Amron and Sam Schwartz, a memorandum of the gross receipts of the Flanders Hotel, at 135–137 West 47th Street, for the past fourteen months, a copy of which is herewith enclosed, and based upon the correctness of these figures my clients have authorized me to make the following proposition to you.

" They will purchase the entire capital stock of the Hudson Operating Company, now held or owned by the Flanders Holding Corporation, subject, however, to the rights of Robert E. Adolph as appear by the contracts executed between the said Adolph and the Flanders Holding Corporation on or about October 30, 1925, together with the entire capital stock of the Flanders Holding Corporation, for the gross sum of One hundred and sixty-five thousand ($165,000) dollars, payable as follows:

" (a) By taking the said stock subject to an indebtedness by the Flanders Holding Corporation to Robert E. Adolph. amounting to $98,214.35, which represents the unpaid amount of One hundred and twenty-five thousand ($125,000) dollars payable in seventy equal installments in the form of promissory notes each amounting to about $1,785.65, made payable monthly, with interest, and commencing January 1, 1926.

" (b) By delivering to you upon the transfer of the stock of both corporations and the resignations of the officers of both corporations, the promissory notes of the Flanders Holding Corporation aggregating $25,000.00 which sum shall be paid at the rate of Five thousand ($5,000) dollars per annum, $2,500 semi-annually with interest, the first installment to be paid six months after the delivery of the stock of the said corporations and the remaining installments of $2,500, each every six months thereafter, until fully paid.

" Interest on unpaid balances to be adjusted semi-annually.

" (c) By paying the difference between the purchase price and the aggregate amount of the above mentioned notes, to wit, the sum of Forty-one thousand seven hundred eighty-five and 65/100 ($41,785.65) dollars, in cash or by certified check upon delivery of the stock and said resignations; and on account of the cash consideration, we herewith attach payment on account, aggregating $5,000 and represented by two checks, dated March 22, 1927, made by Amron Realty Corporation, in the sum of $2,500 each, and made payable respectively to my clients, and endorsed by them to your order.

" (d) The delivery of the stock shall take place on April 1st, 1927, at my office, at 2 p. m., at which time adjustments of land taxes, water rates, insurance premiums, rents, securities, etc., shall be made and allowed, either by paying to or deducting from the cash consideration then to be paid.

" It is a condition of this offer that the said Corporations own the leasehold, all furniture, fixtures and supplies now used in conducting the Hotel Flanders at the above premises, excepting the contents in the rooms occupied by Mr. Harris and Mr. Tennis and Dr. Mendrachia and Lena Brier, and your own personal belongings in the room occupied by you, and that there are no violations of any kind against the said building in any of the Departments of the City or State of New York, and that all income taxes and other taxes that are either due or accrued and to be paid by the Corporation up to April 1st, shall be paid by you, and furthermore that the Flanders Holding Corporation will be free and clear of any debts or obligations of any kind excepting those specified in

this offer, and that whatever debts are due or owing by either of the said corporations up to the time of the transfer of the stock, to wit, April 1st, 1927, shall be paid by you, and you shall keep the Corporation indemnified against any claim except as herein mentioned, up to that time.

" The sum of Twenty-five thousand ($25,000) dollars to be paid by the Flanders Holding Corporation, above referred to, shall be secured by transfer to you as collateral security, fifty percent of the stock of the Flanders Holding Corporation, but that said stock given as collateral security shall be held in escrow by me until the payment of the said Twenty-five thousand ($25,000) dollars.

" This offer is made with the understanding and upon condition that the acceptance thereof be signified by your signature appended herewith, and to be returned to me on or before Saturday, March 26th, 1927, at twelve o'clock noon, otherwise this proposition shall be deemed to be withdrawn and you are to return the Five thousand ($5,000) dollars herewith inclosed.

" Yours very truly,

"·WM. H. CHOROSH.

" Accepted:

" GEO. L. SANBORN."

As above indicated, the offer thus made by Chorosh in behalf of the defendants, appellants, to purchase the entire capital stock of the Hudson Operating Company and of the Flanders Holding Corporation for the purposes and upon the express terms in said offer stated was accepted in writing by plaintiff. It appears by this contract that the gross purchase price of $165,000 was to be paid, *first*, by taking the stock subject to the indebtedness owing by the Flanders Holding Corporation to said Robert E. Adolph, amounting to $98,214.35, being an unpaid balance of $125,000 payable in seventy equal installments in the form of promissory notes of $1,785.65 each, payable monthly, with interest, commencing January 1, 1926; *second*, by delivering to the seller, Sanborn, upon the transfer of the stock of both corporations and the resignations of the officers of said corporations, promissory notes of the Flanders Holding Corporation aggregating $25,000, payable at the rate of $5,000 per year in $2,500 semi-annual payments with interest, the first installment to be paid six months after the delivery of the stock and the remaining installments of $2,500 each to be paid every six months thereafter until fully paid, with interest adjustments semi-annually; *third*, by paying the difference between the purchase price subject to the Adolph claim and the aggregate

amount of the above-mentioned notes, to wit, the sum of $41,785.65, in cash or by certified check upon delivery of the stock and said resignations. The affidavits show that the $41,785.65 was paid by the defendants to the plaintiff on or about March 31, 1927, on which day the plaintiff executed an assignment of all of the stock of said two corporations. The assignment was in writing and recited that it was given pursuant to the offer and acceptance of March 23, 1927, and transferred to the defendants the entire issue of the capital stock of the Flanders Holding Corporation as well as the entire issue of the capital stock of the Hudson Operating Company, subject to the aforesaid rights of said Robert E. Adolph. In said assignment it was further stated that the said defendants had caused to be transferred fifty per cent of the capital stock of the Flanders Holding Corporation to the said Chorosh, as trustee, for securing the payment of part of the consideration mentioned in the offer and acceptance of March 23, 1927, in the sum of $25,000 represented by the promissory notes of the Flanders Holding Corporation in accordance with said contract. The said instrument of assignment of said capital stock of said corporation was signed by the plaintiff and accepted in writing by the defendants, and on the same day the said William H. Chorosh acknowledged in writing the receipt of fifty shares of the stock of the Flanders Holding Corporation, or one-half of the stock of said corporation, to be held by him, as trustee, for the purpose above mentioned. The contract between the parties was fairly entered into and no claim is made of any false representations on the part of the purchasers of said stock or that any element of fraud entered into the transaction. The transaction embraced in the contract was closed in strict conformity with its terms. The plaintiff, respondent, received the promissory notes of the Flanders Holding Corporation aggregating $25,000. The first of said notes, maturing on October 1, 1927, was paid by said Flanders Holding Corporation. The second note, maturing on April 1, 1928, was likewise paid by that corporation. When the third of said notes fell due, on October 1, 1928, the said corporation defaulted in payment thereof, and the plaintiff at once brought action in the City Court of the City of New York against the Flanders Holding Corporation to recover the amount of the note maturing on October 1, 1928, with interest. Plaintiff in his first cause of action against the defendants alleged that the contract entered into between the respondent and the appellants was for the sale and purchase of the capital stock of the Hudson Operating Company for the sum of $165,000. This allegation was properly denied by defendants as not in accordance with the facts, the gross purchase price of $165,000 being for the entire capital stock, not alone of the

Hudson Operating Company, but of the Flanders Holding Corporation, and for the further reason that the personal liability of the defendants was limited to the payment of the difference between the $165,000 and the indebtedness to Adolph, plus the $25,000 of notes of the Flanders Holding Corporation, and the appellants were fully justified in denying the allegation of the complaint that there was a balance of $20,000 due from the defendants, appellants, to the plaintiff under said contract. The affidavits in opposition to plaintiff's motion fully justified the defendants in denying the allegations of the second cause of action set forth in plaintiff's complaint. It clearly appears by the written contract entered into by the parties, culminating in the written assignment and transfer of the stock in question, that the $25,000 obligation was the debt of the Flanders Holding Corporation, and that the individual defendants were never obligated to pay said last-mentioned indebtedness. All the defendants contracted to do was to furnish to plaintiff the said notes of the Flanders Holding Corporation as a part consideration for the assignment of said stock, and this they did in strict performance of their contract. Under such circumstances we think there was no warrant whatever in striking out the answers of the defendants and in granting the plaintiff said summary judgment against defendants under rule 113 of the Rules of Civil Practice. The defendants never personally obligated themselves to pay any part of the $25,000 represented by the promissory notes of the Flanders Holding Corporation. To the amount of said notes the defendants were never the primary debtors. As a purchase price for the stock of said corporations the plaintiff received from the defendants the sum of $41,785.65 and the notes of the Flanders Holding Corporation for $25,000, and the defendants, upon the payment of said sum and the delivery of said notes, were to receive the stock of the two corporations, subject to the indebtedness of the Flanders Holding Corporation to Adolph in the sum of $98,214.35. The contract was plain and unambiguous and clearly provided that $25,000 of the purchase price should be paid to plaintiff by the delivery to him of the notes of the Flanders Holding Corporation in that amount. In our opinion there is not the slightest warrant for charging the defendants personally with the payment of the obligation of the Flanders Holding Corporation upon these notes, or any part thereof. By collecting two of the $2,500 notes and suing upon the third note for that amount upon the corporation's defaulting in payment, the plaintiff recognized that the Flanders Holding Corporation was alone obligated to him for the payment of the $25,000 represented by those notes.

The answers and the supporting affidavits of the defendants

raise issues preventing the granting of summary judgment in plaintiff's favor.

The order and judgment appealed from should, therefore, be reversed, with costs, and plaintiff's motion denied, with ten dollars costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.