GEORGE L. SANBORN, Appellant, *v.* JACOB AMRON and Another, Respondents.

First Department, December 5, 1930.

*Arthur C. Mandel*, for the appellant.

*William H. Chorosh* of counsel [*Benjamin Shapiro* with him on the brief], for the respondents.

MARTIN, J.   The plaintiff was the owner of the capital stock of the Flanders Holding Corporation which owned or controlled the entire capital stock of the Hudson Operating Company, through which latter company was operated a hotel known as the Flanders Hotel, at Nos. 135–137 West Forty-seventh street, New York city.

An offer, in writing, dated March 23, 1927, to purchase the stock was made on behalf of the defendants. This offer was accepted by the plaintiff and in accordance therewith the stock was transferred and assigned to the defendants.

The consideration was the sum of $165,000, payable by taking the stock subject to an indebtedness by the Flanders Holding Corporation to one Adolph, amounting to $98,214.25; by the delivery of ten promissory notes of the Flanders Holding Corporation, each in the sum of $2,500 with interest, payable six months apart; the remainder of the purchase price, $41,785.65, to be paid by the defendants in cash. The stock was duly transferred, the notes of the Flanders Holding Corporation delivered to the plaintiff and the cash payment made.

The Flanders Holding Corporation paid the first two notes, but failed to pay the third note of $2,500 which became payable on October 1, 1928. The plaintiff sued the Flanders Holding Corporation, upon that note, in the City Court of the City of New York, the corporation interposing, among other things, defenses of misrepresentations and breach of warranty. The plaintiff did not prosecute the City Court action against the corporation, but commenced an action in the Supreme Court against the individual defendants, Jacob Amron and Sam Schwartz, to recover the alleged unpaid balance of $20,000 represented by the outstanding notes of the Flanders Holding Corporation. The action was originally brought upon the theory that the defendants entered into a contract with the plaintiff for the purchase of the stock of the said corporation for the sum of $165,000; that $145,000 of that amount was paid, and, hence, there was a balance due of $20,000.

In a second cause of action in the same complaint, the plaintiff alleged that there was an account stated between the parties in March of 1927, and that the accounts were adjusted at the sum of $25,000; that $5,000 thereof has been paid, leaving due and owing from the defendants the sum of $20,000.

The plaintiff moved for summary judgment upon the ground that the answers of these defendants were sham and that the defendants were personally liable under the provisions of the agreement of March 23, 1927. The motion for summary judgment was granted by the Special Term on the theory that the agreement was made for the benefit of the individual defendants, and that they, therefore, were the primary debtors. Judgment for the sum of $22,501.10 was entered against each defendant. An appeal was taken to this court where the judgment was unanimously reversed. (225 App. Div. 616.) The plaintiff moved for a reargument or for leave to appeal to the Court of Appeals, but his application was denied by this court. (226 App. Div. 781.) The plaintiff then applied for leave to serve an amended complaint, seeking to reform the agreement of March 23, 1927, by making the defendants individually liable on the debt of the Flanders Holding Corporation, with the further proviso that in the event of a default in the payment of any installment, the entire unpaid balance should become due and payable.

Permission to serve the proposed amended complaint was granted, and from the order granting it the defendants appealed and this court affirmed the order. (228 App. Div. 617.) Upon the second appeal the propriety of permitting the plaintiff to serve an amended complaint and not the sufficiency of the proposed amended complaint was before this court.

The defendants answered, interposing various defenses. Plaintiff moved to strike them out for insufficiency. The defendants contended that the amended complaint was bad in that it did not state facts sufficient to constitute a cause of action. This was the first instance in this particular action that the sufficiency of the complaint was properly before the Special Term and is now properly before this court. The Special Term upheld the contention that the complaint did not state facts sufficient to constitute a cause of action and dismissed the amended complaint without leave to further amend.

The respondents contend that the complaint fails to state facts sufficient to constitute a cause of action in equity for the reformation of a written instrument, and that in view of all the facts set forth in the record, and this court's opinion with respect to those facts (225 App. Div. 616), the court at Special Term was fully justified, in the exercise of its sound discretion, in dismissing the amended complaint without further leave to amend. The respondent, in effect, says that it is apparent that there is no merit in this action and that the allegations of the complaint have no basis in fact and, therefore, the complaint should be dismissed.

We are now passing upon the allegations of the complaint and not upon the facts which it will be necessary to prove to sustain those allegations. The complaint is proper in form and fully sets forth an action in equity to reform a contract. While it may be as asserted by respondents, that the record warrants the conclusion that the allegations of the amended complaint are without any basis in fact, that matter may be given proper consideration at the trial.

The result reached requires us to also pass upon the defenses. An extended discussion of the defenses is unnecessary. The first properly pleads an election; the second laches, and the third alleges that the plaintiff has an adequate remedy at law. The first and second defenses are properly pleaded. The third defense is insufficient and must be stricken out. (See *McKenzie* v. *Wappler Electric Co., Inc.*, 215 App. Div. 336.) It has already been held in this action that the plaintiff cannot recover from these defendants in an action at law. That is apparently the reason for the attempt to recover by means of this equity action.

The judgment and order should, therefore, be reversed, without costs, and the motion of defendants denied, and the motion of the plaintiff granted as to the third defense.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment and order reversed, without costs, the motion of defendants denied and plaintiff's motion granted as to the third defense.